**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mahesh Reinholdson, by his parent, Jan Simon; Sarah Pachl, by her parents, Kevin and Suzanne Pachl; Aaron Teske, by his parent and conservator, Kristi Sandford; Matthew McKinney, by his parent, Tammy Emery; Zeth Erdman and Quinton Erdman, by their parent, Dawn Erdman; Elijah Samuelson and Victor Grant, by their parent, Kelley Sunderlin; Joshua Renollett, by his parents, Dan and Patricia Renollett; all on their own behalf and on behalf of a class of similarly situated persons,

Plaintiffs,

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-795 ADM/AJB

v.

State of Minnesota, Minnesota Department of Children, Families and Learning, and Christine A. Jax, Commissioner of MDCFL, in her official capacity; and School Board of Independent School District No. 11, Anoka-Hennepin (ISD No. 11), Michael Sullivan, Scott Wenzel, Tom Heideman, Dan Cook, Denise Dittrich, Jerry Newton and Roger Giroux, Superintendent ISD No. 11 Schools, all in their official capacity,

and

Susan J. Butler, ISD No. 11 Director of Special Education and 504 Coordinator, in her official and individual capacity.

Defendants.

---

Sonja D. Kerr, Esq., Kerr Law Office, Minneapolis, Minnesota, and Judith A. Gran, Esq., Public Interest Law Center of Philadelphia, PA, appeared for and on behalf of Plaintiffs.

Martha J. Casserly, Esq., Assistant Attorney General, and Paul C. Ratwik, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, Minnesota, appeared for and on behalf of Defendants.

---

FILED SEP 09 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

On July 12, 2002, the undersigned United States District Judge heard Defendants State of Minnesota ("State"), Minnesota Department of Children, Families and Learning ("MDCFL"), and Commissioner Christine A. Jax's[1] Motion to Dismiss [Doc. No. 31] pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Defendants Independent School District No. 11, Superintendent Roger Giroux, and Director of Special Education Susan J. Butler (collectively, "School") also brought a Motion to Dismiss [Doc. No. 20] pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Also before the Court is Plaintiffs' Motion to Certify a Class [Doc. Nos. 6, 14] and the School's Motion for Rule 11 Sanctions [Doc. No. 9].

## II. BACKGROUND

Plaintiffs are attempting a "do over" of previously rejected litigation. On September 7, 2001, the same Plaintiffs sued the same Defendants seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* After being allowed to amend their complaint twice, the action was dismissed by Judge Richard H. Kyle. *Reinholdson v. State of Minnesota*, No. 01-1650, slip op. (D. Minn. Feb. 21, 2001) (adopting Report & Recommendation and dismissing the second amended complaint) ("*Reinholdson I*"). However, the dismissal was without prejudice to Plaintiffs' right to file another complaint. *Id.* Seven weeks later, the same nine Plaintiffs filed the lawsuit currently before this Court, asserting the same claims against the same Defendants.

Plaintiffs filed the present Complaint on April 15, 2002, alleging claims under the IDEA,

[1] The State, the MDCFL, and Ms. Jax will be collectively referred to as "State Defendants." The term "Defendants" will be used to refer to all the defendants in this case.

20 U.S.C. §§ 1400 *et seq.*, which requires the states to provide disabled children with a "free appropriate public education." *Id.* § 1401(a)(18). To provide a "free appropriate public education" ("FAPE"), a school must formulate an individualized education plan ("IEP") tailored to the disabled child's unique needs. *Id.* § 1412. A school meets its obligation if the disabled student's IEP is "reasonably calculated to enable the child to receive educational benefits." *Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176, 207 (1982).

20 U.S.C. § 1415(f) allows parents with complaints about their child's IEP to request an impartial due process hearing. Minnesota has a two-tier administrative hearing process. An Independent Hearing Officer ("IHO") holds an impartial due process hearing and issues a decision. *See* Minn. Stat. § 125A.09, subds. 6-7. If a party appeals the IHO's decision, a Hearing Review Officer ("HRO") next reviews the entire administrative record. *Id.* § 125A.09, subd. 9. The HRO is authorized to seek additional evidence and provide the parties an opportunity for written or oral argument. *Id.* The HRO then issues "a final independent decision based on an impartial review of the [IHO's] decision and the entire record." *Id.*

Each of the plaintiffs and the School have appeared at numerous hearings before the IHO and the HRO. Many of the claims Plaintiffs allege in their Complaint are based upon facts and law addressed in those administrative determinations briefly summarized below.

Plaintiff Reinholdson and the School participated in a hearing concerning a dispute over his IEP in May 2001. *See* MDCFL Case No. 427. The IHO ruled in favor of the School on all issues. Reinholdson appealed, and the HRO affirmed the IHO's decision on all substantive issues. Girouard Aff. Ex. 3. In *Reinholdson I*, he appealed the HRO's decision and the case was

dismissed.

Plaintiff Pachl requested a hearing in March 2001, to challenge an Extended School Year ("ESY") placement proposed by the School. *See* MDCFL Case No. 423. The IHO found in favor of the School. Pachl appealed the decision, and the HRO affirmed. Girouard Aff. Ex. 12. Pachl's appeal of the HRO's decision was dismissed in *Reinholdson I.* In another case regarding Pachl, MDCFL Case No. 372, the School's appeal of the HRO's decision is pending before U.S. District Court Magistrate Judge Susan Richard Nelson on an attorneys fees issue.[2] *See Independent School Dist. No. 11 v. Pachl*, No. 01-342, slip op. (D. Minn. May 22, 2002) (granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment).

Plaintiff Teske initiated a hearing in May 2000, alleging violations of the IDEA. *See* MDCFL Case No. 383. The IHO ruled in favor of Teske on the majority of his claims but an appeal was taken requesting additional compensatory education. Girouard Aff. Ex. 13. The HRO granted the request for compensatory education and affirmed the IHO decision in all other respects. Girouard Aff. Ex. 14. Neither Teske nor the School appealed this determination. However, in January 2002, Teske requested another hearing, challenging the School's provision of speech services and alleging various systemic claims. *See* MDCFL Case No. 463. The IHO entered judgment against the School on the speech services issue, and dismissed the other claims. Girouard Aff. Ex. 15. Teske appealed the IHO's decision, and the HRO affirmed on all issues.

---

[2] The case was assigned to Judge Paul A. Magnuson and referred to Magistrate Judge Susan Richard Nelson.

Girouard Aff. Ex. 16. Teske has not appealed the HRO's decision.

Plaintiff McKinney requested a hearing in August 2000. *See* MDCFL Case No. 390. The IHO ruled in favor of the School. Girouard Aff. Ex. 17. McKinney appealed the decision, and the HRO affirmed. Girouard Aff. Ex. 18. McKinney appeals that decision in the present case. Plaintiff McKinney also requested a hearing in March 2001. *See* MDCFL Case No. 424. The IHO ruled in favor of the School. McKinney appealed the IHO's decision, and the HRO affirmed. Girouard Aff. Ex. 20. McKinney's appeal of the HRO's decision was dismissed in *Reinholdson I.*

The Erdman Plaintiffs[3] and the School participated in a consolidated hearing in April 2001. *See* MDCFL Case Nos. 431 & 432. The IHO ruled in favor of the School on all issues. Girouard Aff. Exs. 21 & 22. The Erdmans appealed, and the HRO affirmed the IHO's decisions. Girouard Aff. Ex. 23. In *Reinholdson I*, the Erdmans appealed the HRO's decision and the case was dismissed.

Plaintiff Samuelson initiated a hearing in May 2001. *See* MDCFL Case No. 435. The IHO found in favor of the School on the issues presented, but awarded Samuelson compensatory education. Girouard Aff. Ex. 25. Samuelson appealed, and the School cross-appealed the IHO's decision to award compensatory education. The HRO ruled in favor of the School on all issues. Girouard Aff. Ex. 26. *Reinholdson I* dismissed Samuelson's appeal of the HRO's decision. After Samuelson's parent refused to consent to a proposed IEP, the School requested a hearing in

[3] Zeth and Quinton Erdman are twin brothers and their complaints were heard in a consolidated procedure.

January 2002, seeking to have the proposed IEP approved. *See* MDCFL Case No. 465. The IHO ordered the proposed IEP to be implemented. Girouard Aff. Ex. 27. Samuelson appealed, and the HRO affirmed. Girouard Aff. Ex. 28. Samuelson appeals the HRO's decision in the present action.

Plaintiff Grant participated in a hearing against the School in March 2001. *See* MDCFL Case No. 429. The IHO ruled in favor of the School on the all the issues. Girouard Aff. Ex. 29. Samuelson appealed, and the HRO affirmed. Girouard Aff. Ex. 31. *Reinholdson I* dismissed Samuelson's appeal of the HRO's decision.

Plaintiff Renollett requested a hearing in March 2001. *See* MDCFL Case No. 428. The School and Renollett's parent resolved the matter by settlement prior to the hearing. Girouard Aff. Ex. 33. In August 2001, Renollett requested another hearing. *See* MDCFL Case No. 446. The IHO held hearings and the IHO's decision was appealed.

**III. DISCUSSION**

A complaint is properly dismissed under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Kaylor v. Fields*, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When examining the complaint, a court must accept all of the allegations contained therein and all inferences arising therefrom as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). It must be determined whether the well-pleaded allegations of fact, when construed in a light most favorable to the plaintiff, state a factual claim upon which relief can be granted on some legal theory. *See Penn v. Iowa State Bd.*

*of Regents*, 999 F.2d 305, 307 (8th Cir. 1993); *Dicken v. Ashcroft*, 972 F.2d 231, 233 (8th Cir. 1992).

**A. Statute of Limitations**

A statute of limitations defense may be raised by a motion to dismiss. *Ericksen v. Winnebago Indus., Inc.*, 342 F.Supp. 1190, 1194 (D. Minn. 1972). Defendants assert that Plaintiffs' suit is untimely. The IDEA permits aggrieved parties to seek review of an administrative hearing officer's decision by bringing a civil action in federal district court or an appeal to the Minnesota Court of Appeals. *See* 20 U.S.C. § 1415(i)(2)(A); Minn. Stat. § 125A.09, subd. 10. Minnesota law provides that "[s]tate judicial review must be in accordance with chapter 14." Minn. Stat. § 125A.09, subd. 10. The Minnesota Administrative Procedures Act ("APA"), Chapter 14, provides a 30-day time period for appeals of administrative agency decisions. Minn. Stat. § 14.63. Federal law, as well as state law, is silent regarding the time for bringing an IDEA action in federal district court.

When a federal law contains no statute of limitations, courts may borrow the most closely analogous state statute of limitations, unless that statute would frustrate the purposes underlying federal law. *Aaron v. Brown Group, Inc.*, 80 F.3d 1220, 1223 (8th Cir. 1996). Defendants argue that the most closely analogous statute of limitations for challenges to administrative agency decisions is the 30-day period in the Minnesota APA, citing *Smith v. Special School Dist. No. 1*, No. 4-96-685, slip op. at 12-19 (D. Minn. Aug. 7, 1996), *aff'd.*, 184 F.3d 764 (8th Cir. 1999). Defendants also note that federal appellate courts have applied the statute of limitations from closely analogous state administrative procedure acts. *See Cory D. v. Burke Co. School Dist.*,

285 F.3d 1294, 1297-98 (11th Cir. 2002) (holding that the appropriate borrowed limitations period for appealing a state educational agency's final administrative decision under the IDEA is the 30-day limitations period applicable to state administrative appeals); *C.M. ex rel. J.M. v. Bd. of Educ.*, 241 F.3d 374 (4th Cir. 2001); *Livingston School Dist. Nos. 4 & 1 v. Keenan*, 82 F.3d 912, 916 (9th Cir. 1996); *Dell v. Board of Education, Township High School District 113*, 32 F.3d 1053, 1059-61 (7th Cir. 1994); *Amann v. Town of Stow*, 991 F.2d 929, 931 (1st Cir. 1993); *Adler v. Educ. Dep't*, 760 F.2d 454 (2d Cir. 1985).

Plaintiffs contend that *Birmingham v. Omaha School Dist.*, 220 F.3d 850 (8th Cir. 2000), controls the question of the appropriate statute of limitations. In *Birmingham*, the Eighth Circuit held that the district court erred by borrowing a 30-day limitations period from a state administrative procedure act. *Id.* at 854-55. Judge Heaney, writing for the Court, found that the Arkansas Administrative Procedure Act was dissimilar to the IDEA because, while the reviewing state court considers the agency's action and either affirms, reverses or modifies the decision, "the federal court reviews the issues de novo and renders a judgment on the merits." *Id.* at 854. Under the IDEA, the Eighth Circuit observed, the district court renders "an independent decision of the issues based on a preponderance of the evidence." *Id.* The Court reasoned that unlike the IDEA, judicial review under the Arkansas Administrative Procedure Act is limited solely to the administrative record. *Id.* Finally, and perhaps most significantly, *Birmingham* concluded that a 30-day limitations period would violate IDEA policies. *Id.* at 855.

The Minnesota APA contains provisions similar to the Arkansas Administrative Procedure Act that concerned the Eighth Circuit in *Birmingham*. Under the Minnesota APA, the

reviewing court may affirm, remand for further proceedings, reverse or modify the decision Minn. Stat. § 14.69. Review pursuant to the Minnesota APA is confined to the administrative record. Minn. Stat. § 14.68. The factual circumstances in the instant case are sufficiently similar to *Birmingham* to convince this Court that *Birmingham* controls the statute of limitations period question here.

Having received guidance from *Birmingham* that the 30-day provision from the APA would violate the IDEA's policies, the question remains: what is the appropriate limitations period? In *Strawn v. Missouri Bd. of Educ.*, 210 F.3d 954 (8th Cir. 2000), the Eighth Circuit held that a civil rights action is the most closely analogous state cause of action to an IDEA claim. *Birmingham* cited this point in *Strawn* with approval. *See Birmingham*, 220 F.3d at 855. In Minnesota, § 1983 claims for violations of civil rights are governed by the six-year limitations period of Minnesota's personal-injury statute, Minn.Stat. § 541.05, subd. 1(5). *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 618 n.3 (8th Cir. 1995) (citing *Berg v. Groschen,* 437 N.W.2d 75, 77 (Minn. App. 1989)). Such a six-year limitations period for IDEA claims is consistent with the dictates of *Birmingham*. Plaintiffs' claims fall within a six-year limitations period.

**B. Failure to Exhaust Administrative Remedies**

The IDEA encourages parental involvement in their child's educational program and allows parents to have administrative and judicial review of decisions they believe are inappropriate. Parents dissatisfied with the particular educational services provided to their disabled child may request an impartial due process hearing for a determination of their

complaint by an IHO. *See* 20 U.S.C. § 1415(f); Minn. Stat. § 125A.09, subd. 6. If the parents are unsatisfied with the IHO's determination, they may appeal the IHO's decision to a HRO for an impartial, independent review. *See* Minn. Stat. § 125A.09, subd. 9. If the parents are displeased with the HRO's decision, the IDEA permits them to seek review of the HRO's decision in federal district court or an appeal to the Minnesota Court of Appeals. *See* 20 U.S.C. § 1415(i)(2)(A); Minn. Stat. § 125A.09, subd. 10.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit in federal district court. Parties must exhaust their administrative remedies with regard to the issues upon which they seek judicial review. *See* 20 U.S.C. §1415(i)(2)(A) (stating that a party aggrieved by the due process hearing panel's decision has the right to bring a civil action "with respect to the complaint presented"); *Blackmon ex rel. Blackmon v. Springfield R-XII School Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999). "The exhaustion requirement permits agencies 'to exercise discretion and apply their expertise, . . . allow[s] complete development of the record before judicial review, . . . prevent[s] parties from circumventing the procedures established by Congress, and . . . avoid[s] unnecessary judicial decisions by giving the agency an opportunity to correct errors.'" *Blackmon*, 198 F.3d at 656 (internal citation omitted).

To the extent a Plaintiff is attempting to bring claims in the present lawsuit they did not raise in the administrative hearing process, such claims are dismissed for failure to exhaust administrative remedies. Claims not presented at the administrative hearing level are not properly before this Court. *See* 20 U.S.C. §1415(i)(2)(A); *Blackmon*, 198 F.3d at 655-56. Parties are obligated to exhaust administrative remedies. There is no evidence that pursuing

administrative remedies would have been futile or that the Defendants were acting on a general policy of denying a FAPE to Plaintiffs.

Furthermore, all claims by the putative class members are dismissed for failure to exhaust administrative remedies. *Cf. Mrs. M. v. Bridgeport Bd. of Educ.*, 96 F.Supp.2d 124, 135 (D. Conn. 2000) (dismissing putative class action for failure to exhaust administrative remedies). "Simply by styling a case as a putative class action should not excuse compliance with the required exhaustion of administrative procedures under the IDEA." *Id.* The issues raised by Plaintiffs require a detailed case-by-case analysis of educational program eligibility and availability. Such a review is better suited to the established administrative process than the federal courts, at least in the first instance.

**C. Severance**

Judge Kyle in *Reinholdson I* warned Plaintiffs and Plaintiffs' counsel that they "should not have joined their claims together in a single Complaint in the first place," and that their actions "utilize a procedure which undoubtedly serves to delay a resolution of the individual claims." *Reinholdson I*, No. 01-1650, slip op. at 5-7. Plaintiffs' counsel has again improperly joined all these challenges to administrative decisions into a single Complaint. Each Plaintiff has distinct disabilities and educational needs. Individually, they were involved in separate IEP meetings and were the subjects of different proposed IEPs and different IEP teams. A district court has broad discretion to sever claims pursuant to Fed. R. Civ. P. 21. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Any denial of a FAPE to an individual Plaintiff is more suitably redressed on a case-by-case basis. Each Plaintiffs' individual case shall

be severed into a separate action to be refiled as individual cases.

**D. State Defendants are Not Proper Parties**

When parents bring an action on behalf of their child challenging the provision of a FAPE pursuant to the IDEA, the independent school district within which the child's school is located is considered the real party in interest to the action. *See Guthrie v. Circle of Life*, 176 F.Supp.2d 919, 922 (D. Minn. 2001). State Defendants assert they are not proper parties to this action. Rule 20(a), provides in pertinent part:

> All persons . . . may be joined in one action as defendants if there is asserted against the jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Rule 21 establishes that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

A state education agency may be a proper party if an action involves claims of "systemic" violations of the IDEA. A claim is "systemic" if it "implicates the integrity or reliability of the IDEA dispute resolution procedures," or "requires restructuring the education system itself." *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 682 (9th Cir. 1997). A claim is not "systemic" if it "involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem." *Id.* Plaintiffs allege that State Defendants "have failed to ensure that Minnesota's due process hearing system, its rules and regulations, is consistent with the IDEA and that its hearing officers issue rulings consistent with the IDEA." Compl. ¶ 47. In essence, Plaintiffs' claim is that they collectively are dissatisfied

with the decisions made by the hearing officers. The judicial review process is capable of correcting any legal mistakes made in the administrative hearing process. Plaintiffs have failed to set forth sufficient allegations to implicate the integrity of the administrative review process. Plaintiffs' allegations do not rise to the level of "systemic" violation of the IDEA. The administrative and judicial processes are capable of addressing Plaintiffs' allegations of the School's failure to provide a FAPE.

State Defendants neither were involved in the development or implementation of the respective IEPs for Plaintiffs, nor were they parties in the proceedings before the IHOs and the HROs. State Defendants had no role in the administrative decisions related to Plaintiffs, and they are bound by the administrative hearing officers' decisions regarding the same parties and the same issues. *See* 34 C.F.R. § 300.661(c)(2). Plaintiffs have failed to exhaust their administrative remedies against State Defendants. *See McGraw v. Bd. of Educ. of Montgomery Co.*, 952 F.Supp. 248, 254-55 (D. Md. 1997). Under these circumstances, State Defendants are not proper parties and they are dismissed as defendants in the individual suits to be refiled. *See Moubry v. Kreb*, 58 F.Supp.2d 1041, 1049-50 (D. Minn. 1999); *Glazier v. Indep. Sch. Dist. No. 876, Annandale*, 558 N.W.2d 763, 769 (Minn. App. 1997).

**E. § 1983 and § 504**

Plaintiffs allege a claim under § 1983 of the Civil Rights Act. *See* Compl. ¶¶ 56-61. The Eighth Circuit held that alleged violations of the IDEA cannot provide a basis for a § 1983 action. *Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996). There is no showing that the holding of *Heidemann* does not bar this suit. Plaintiffs' § 1983 claim is dismissed.

Plaintiffs also allege a claim under § 504 of the Rehabilitation Act of 1973. *See* Compl. ¶¶ 51-55. In the context of education of disabled children, either bad faith or gross misjudgment must be shown before a § 504 violation can be established. *Heidemann*, 84 F.3d at 1032. "So long as the state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals, we cannot believe that Congress intended to create liability under § 504." *Id.* Plaintiffs have failed to plead facts indicating bad faith or gross misjudgment. Plaintiffs' § 504 claim is dismissed.

**F. Plaintiffs' Motion to Certify a Class**

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs bear the burden of satisfying the class certification requirements. *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982). This Court may certify the class only when it is satisfied "after rigorous analysis" that all of Rule 23's prerequisites are met. *Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 659 (D. Minn. 1991). For purposes of the Rule 23 analysis, the substantive allegations in Plaintiffs' complaint must be accepted as true. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (stating that courts should not "conduct a preliminary inquiry into the merits of a suit in determining whether it may be maintained as a class action"); *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 573 (D. Minn. 1995). The district courts ultimately retain wide discretion in determining whether or not to certify a class under Rule 23. *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994); *Coley v Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980).

Rule 23(a) sets forth four preliminary requirements for class certification. A member of

the potential class must establish that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These prerequisites will be examined in turn.

Assuming the purported class meets the numerosity requirement, Rule 23(a) requires Plaintiffs to show "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). When the resolution of a common legal issue is dependent on factual determinations that will be different for each putative class plaintiff, class certification must be denied. *See Egge v. Healthspan Servs. Co.*, 208 F.R.D. 265, 268 (D. Minn. 2002) (citing *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 76 (D. N.J. 1993)); *Rettig v. Kent City School Dist.*, 94 F.R.D. 12, 14 (D. Ohio 1980) (finding no common element of fact because type of learning experience required and educative potential of each individual child must be personalized). Here, the determination of Plaintiffs' claims will necessarily depend on highly individualized evidence. The School meets its obligations under the IDEA if the disabled student's IEP is "reasonably calculated to enable the child to receive educational benefits." *Hendrick*, 458 U.S. at 207. The Eighth Circuit has held that a school provides a FAPE, and thereby meets its substantive and procedural obligations under IDEA, when it appropriately classifies the student's educational handicap, develops an IEP that provides the student educational benefit, places the student in appropriate school and classroom facilities, affords the student suitable mainstreaming opportunities, and follows procedures that allow the parents to

participate in the IEP process. *Warner v. Independent School Dist. No. 625*, 134 F.3d 1333, 1336-37 (8th Cir. 1998). Accordingly, each IEP must be individually tailored to the specific needs of the particular child. The claims of each named Plaintiff will vary depending on his or her individual educational needs. There is no commonality here.

Plaintiffs' allegation of "systemic" violations of the IDEA does not create commonality in the purported class. Allegations of "systematic failures" must not be read "as a moniker for meeting the class action requirements." *J.B. v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999). The reciting of the word "systemic" in mantra-like fashion throughout the briefing and argument does not overcome the prerequisites to class certification. Commonality is not created by merely grouping individuals who have lost in the administrative process. Other than their dissatisfaction with the process, Plaintiffs have no other uniting factor in their claims.

Rule 23(a) further requires Plaintiffs to establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). An analysis of typicality in this case reveals problems similar to the lack of commonality. The IDEA requires the School to develop an individualized education plan for each disabled child. The named Plaintiffs' claims vary depending on the School's shortcomings with regard to each of their particularized, individual situations. The typicality requirement is not met where Plaintiffs' claims are based on treatment that is special or unique to themselves. *See Hedge v. Lyng*, 689 F.Supp 884, 890 (D. Minn. 1987). Plaintiffs fail to establish typicality.

In addition to failing to meet the threshold criteria of Rule 23(a), Plaintiffs encounter

difficulties in satisfying one of the requirements of Rule 23(b).[4] Plaintiffs request class certification under Rule 23(b)(2). A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Injunctive or declaratory relief is not "appropriate" when the "final relief relates exclusively or predominantly to money damages." Fed. R. Civ. P. 23(b)(2), Advisory Comm. Notes. Rule 23(b)(2) class actions are "limited to those class actions seeking primarily injunctive or corresponding declaratory relief." 1 *Newberg on Class Actions* § 4.11, at 4-39.

Plaintiffs attempt to paint with a broad brush. At oral argument, Plaintiffs' counsel was unable to explain how the injunctive relief sought here would be distinct from simply ordering Defendants to obey the law. Plaintiffs also seek non-injunctive relief for the class in the form of "compensatory education for any time period when IDEA was found to be violated." Compl. at 21. Such relief is not conducive to class treatment because it would of necessity require individualized determinations for each named Plaintiff and each member of the putative class as to whether he or she was denied educational services, the nature of the services, the time period, and the type and amount of educational services necessary to compensate for such a denial. The application of the IDEA to a multitude of students with factually distinct educational needs will

[4] For the same reasons that there is no commonality or typicality present here, this is not a case where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" or that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

necessarily raise a plethora of individualized determinations, thus thwarting a broad, encompassing resolution. Plaintiffs' Motion for Class Certification is denied.

As a purported class, Plaintiffs have failed to allege sufficient injuries that may be remedied collectively by a court. Plaintiffs' generalized dissatisfaction with their educational opportunities in the public school system is more properly resolved through the political processes, rather than the courts.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) State Defendants' Motion to Dismiss [Doc. No. 31] is **GRANTED**; the Plaintiffs' Complaint against the State Defendants is dismissed with prejudice;

(2) School's Motion to Dismiss [Doc. No. 20] is **DENIED in part, and GRANTED in part as to the following specific claims:**

(a) Plaintiffs' § 1983 claim is dismissed with prejudice;

(b) Plaintiffs' § 504 claim is dismissed with prejudice;

(c) To the extent any Plaintiff is attempting to bring claims in the present lawsuit they did not raise in the administrative hearing process, such claims are dismissed;

(3) Plaintiffs' Motion to Certify a Class [Doc. Nos. 6, 14] is **DENIED**;

(4) this action shall be **SEVERED** into individual cases:

Mahesh Reinholdson v. Independent School District No. 11,

Sarah Pachl v. Independent School District No. 11,

Aaron Teske v. Independent School District No. 11,

Matthew McKinney v. Independent School District No. 11,

Zeth Erdman v. Independent School District No. 11,

Quinton Erdman v. Independent School District No. 11,

Elijah Samuelson v. Independent School District No. 11,

Victor Grant v. Independent School District No. 11,

Joshua Renollett v. Independent School District No. 11.

Each Plaintiff shall refile their case as a separate action naming as a Defendant only the School District.

(5) School's Motion for Rule 11 Sanctions [Doc. No. 9] is **DENIED**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2002