**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mahesh Reinholdson et al.,

Plaintiffs,

v.

State of Minnesota et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-795 ADM/AJB

---

Dan O'Connell, Esq., and Garth G. Gavenda, Esq., Collins, Buckley, Sauntry, & Haugh, P.L.L.P., St. Paul, MN, on behalf of Plaintiffs' attorneys Sonja Kerr and Judith Gran.

Paul C. Ratwik, Esq., and Mark J. Girouard, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, on behalf of Defendants.

---

This matter is before the undersigned United States District Judge on Plaintiffs' attorneys' Motion for Attorney Fees [Docket No. 57].

Plaintiffs Mahesh Reinholdson et al. ("Plaintiffs"), originally brought suit on September 6, 2001, in Reinholdson et al. v. State of Minnesota et al., Civ. No. 01-1650 (D. Minn. Feb. 21 2002). In his February 21, 2002 Order [01-1650 Docket No. 43], Judge Kyle dismissed that action for failure to comply with Federal Rules of Civil Procedure 8, 10(b) and 11. The Report and Recommendation ("R&R") [01-1650 Docket No. 38] adopted by Judge Richard Kyle noted that the filing of another unwarranted complaint by one or more of the Plaintiffs was not expected "since they [were] bound by the duties set forth, inter alia, in Rule 11 of the Federal Rules of Civil Procedure." R&R at 11. However, Plaintiffs filed the current action on April 15, 2002, alleging substantially the same claims. Defendants School Board of Independent School District No. 11, Anoka-Hennepin, Roger Giroux, and Susan J. Butler (collectively, the "District")

FILED DEC 10 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

filed a Motion to Dismiss [Docket No. 20] on May 7, 2002. On June 26, 2002, the District filed a Motion for Rule 11 Sanctions [Docket No. 9] alleging that Plaintiffs were in contravention of the February 21, 2002 Order.

In its September 9, 2002 Order [Docket No. 51], this Court granted the District's Motion to Dismiss, denied Plaintiffs' Motion to Certify Class, and Plaintiffs' Complaint was dismissed with prejudice. The filing of Plaintiffs' Complaint was not found to have warranted Rule 11 sanctions, and the District's Rule 11 Motion was denied.

Plaintiffs' attorneys now seek recompense of the costs incurred in defending the District's Rule 11 Motion. Plaintiffs' argue that because they had a good faith basis and chance for success based on Birmingham v. Omaha School Dist., 220 F.3d 850 (8th Cir. 2000) (holding that a thirty-day Statute of Limitations is contrary to the policies of the Individuals with Disabilities in Education Act, 20 U.S.C. § 1415), the District's Rule 11 Motion was improper. Plaintiffs' allege that they prepared motion pleadings in anticipation of a hearing because the District refused to withdraw its motion for sanctions. Plaintiffs assert that the District's Rule 11 Motion was an attempted intimidation, in effect itself a Rule 11 violation.

Rule 11 states that "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11. Plaintiffs argue that because the Motion was denied, they are entitled to attorney's fees for their advance preparation of motion papers, which were ultimately unnecessary because no hearing was held on the Rule 11 Motion.

Plaintiffs arguments are unpersuasive. Denial of the District's Rule 11 Motion does not operate to shift Plaintiffs' attorneys' fees to the District. Plaintiffs' argument that they should not

be subject to punishment because their Complaint was brought in good faith applies equally to the filing of the District's Rule 11 Motion. An unsuccessful motion brought in good faith does not warrant fee shifting.

Moreover, Plaintiffs' Motion is untimely under D. Minn. LR 54.3. Motions for attorney's fees under Rule 11 require the party seeking an award of fees to file an itemized motion within 30 days of entry of judgment, or to serve a notice of intent to claim an award of attorney's fees within 15 days after the entry of judgment. D. Minn. LR 54.3(b)(1)-(2). Judgment was entered on September 9, 2002, in this case. No notice was filed, and Plaintiffs' Motion was filed October 29, 2002, 20 days after the deadline had expired. No good cause was shown for this failure to comply under D. Minn. LR 54.3(b)(3).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' attorneys' Motion for Attorney Fees [Docket No. 57] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 10, 2002