UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAHESH REINHOLDSON, ET AL., Civil No. 02-795 ADM/AJB

Plaintiffs,

v.

ORDER

STATE OF MINNESOTA, ET AL.,

Defendants.

---

The parties having filed a report with the Court concerning agreements reached referring this matter to mediation,

NOW THEREFORE, IT IS HEREBY ORDERED THAT this matter is referred to mediation.

IT IS FURTHER ORDERED THAT Professor Marilynne K. Roberts of Hamline University School of Law, 1536 Hewitt Avenue, St. Paul, MN 55104-1237, telephone number 651-523-2123, is appointed mediator in this action.

The following shall govern said mediation:

1. The parties are directed to participate in the mediation process in good faith and with a sense of urgency, attending all sessions scheduled by the mediator.

2. The mediator may discuss with the Court the status of the mediation process and the failure of any party to participate in good faith and with a sense of urgency, but the mediator shall not, without the prior consent of all parties, disclose to the Court the substance of any matters which are disclosed to her by any of the parties.

FILED FEB 05 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. The mediator shall be compensated at a rate not to exceed $250 per hour. The Court having previously conferred with both of the attorneys regarding the ability of the parties to pay for the mediation, the Court finding that the Plaintiffs lack the ability to pay for the mediation, therefore the Court orders that the entire cost of the mediation shall be borne by the Defendant. All payments shall be remitted to the mediator within 30 days of the date of any billing.

4. The mediator is directed to advise the undersigned when the mediation process is completed, whether the parties and their counsel appeared when ordered, and whether a settlement resulted. All matters, including the conduct and demeanor of the parties and their counsel during the mediation process, are to remain confidential and will not be disclosed to anyone, including this Court.

5. Each party must have present at each mediation session, a representative with full authority to settle the case.

6. Counsel shall meet with the appointed mediator for purposes of discussion of the specific processes to be used for mediation, including attendees, location, schedule for mediation and settlement discussions, materials to be provided the mediator, etc. Said meeting shall occur at a time to be determined by the mediator.

7. Each of the nine (9) Plaintiffs will submit a separate, written settlement demand to the mediator and counsel for Defendant in accordance with the schedule established by the mediator.

8. Each Plaintiff's separate, written settlement demand will list, in sufficient

detail for Defendant to make an initial assessment of the nature and value of the Plaintiff's claims, the specific claims upon which the Plaintiff is seeking full, final and complete settlement. These may include, insofar as the Plaintiff brings such claims in the present action, administratively exhausted challenges to due process hearing decisions under the Individuals with Disabilities Education Act ("IDEA"), "systemic" claims under IDEA, or claims under other federal or state law.

9. Following receipt of each Plaintiff's separate settlement demand, Defendant will prepare a written response to the same in accordance with the schedule established by the mediator and the same shall be forwarded to the mediator and counsel. The deadline for submission of Defendant's response shall be established by the mediator.

10. The participants shall spend as much time as necessary to settle the case, or until an impasse is declared by the mediator, or as ordered by this Court following a motion being filed by either Plaintiff or Defendant seeking to terminate their responsibilities to conduct further mediation sessions. No said motion will be entertained by the Court until at least three, eight hour sessions, have been held. The ability of either Plaintiffs or Defendants to bring said motion shall not be affected by provisions to the contrary in this Court's Pretrial Scheduling Order of January 9, 2004.

11. Sufficient notice shall be provided to the parties regarding the timing of the mediation and settlement discussions and participating parties will submit all documents requested in advance of such discussions and in accordance with the schedule established by the mediator. The mediator shall take into

special consideration all necessary accommodations for any individuals with disabilities involved in the mediation and settlement discussions.

12. At the time of any settlement, each such settlement is to be confirmed in a written settlement agreement signed by a party or party representative and by a lawyer representing each signing party. A party representative must have full legal authority to bind the party by his or her signature.

13. Mediation and settlement discussions will constitute settlement discussions pursuant to the pertinent rules of evidence and civil procedure. Nothing said or disclosed during these discussions, nor any document produced during the same that is not otherwise discoverable, shall be admissible as evidence or for impeachment or for any other purposes in any judicial, arbitration, or administrative action.

14. No party, person, or entity shall call or subpoena the mediator or staff acting at the direction of the mediator to testify or produce any notes or documents related to any mediation or settlement discussions in any judicial proceeding, arbitration, or administrative action. If called or subpoenaed, the mediator may refuse to testify or to produce her notes or documents. Any party, person, or entity that attempts to compel such testimony or production shall be liable for and shall indemnify the mediator against any liabilities, costs, and expenses, including reasonable attorneys fees, which may be incurred by the mediator in opposing such compulsion.

15. Any disputes concerning matters related to mediation and settlement shall be handled in accordance with District of Minnesota Local Rule 16.5. To the extent that the same does not address any such matter, any disputes will be

handled in accordance with such rules as the Court or mediator may impose.

Dated: 2/5/04

Arthur J. Boylan
United States Magistrate Judge