**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mahesh Reinholdson, by his parent, Jan Simon; Sarah Pachl, by her parents, Kevin and Suzanne Pachl; Aaron Teske, by his parent and conservator, Kristi Sandford; Matthew McKinney, by his parent, Tammy Emery; Zeth Erdman and Quinton Erdman, by their parent, Dawn Erdman; Elijah Samuelson and Victor Grant, by their parent, Kelley Sunderlin; Joshua Renollett, by his parents, Dan and Patricia Renollett; all on their own behalf and on behalf of a class of similarly situated persons,

Plaintiffs,

v.

**ORDER**
Civil No. 02-795 ADM/AJB

State of Minnesota, Minnesota Department of Children, Families and Learning, and Christine A. Jax, Commissioner of MDCFL, in her official capacity; and School Board of Independent School District No. 11, Anoka-Hennepin (ISD No. 11), Michael Sullivan, Scott Wenzel, Tom Heideman, Dan Cook, Denise Dittrich, Jerry Newton and Roger Giroux, Superintendent ISD No. 11 Schools, all in their official capacity,

and

Susan J. Butler, ISD No. 11 Director of Special Education and 504 Coordinator, in her official and individual capacity.

Defendants.

---

Sonja D. Kerr, Esq., Kerr Law Office, Inver Grove Heights, Minnesota, and Judith A. Gran, Esq., Public Interest Law Center of Philadelphia, PA, for and on behalf of Plaintiffs.

Paul C. Ratwik, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, Minnesota, for and on behalf of Defendants.

---

This matter is before the undersigned United States District Court Judge on Plaintiffs' Objections to Magistrate's Decision of January 9, 2004 ("Objections") [Docket No. 86]. In the Pretrial Scheduling Order ("Order") [Docket No. 84], Magistrate Judge Arthur J. Boylan establishes ground rules to govern further proceedings in this case. For the reasons set forth below, Judge Boylan's Order is affirmed.

Plaintiffs' first objection is that the magistrate judge "erred in permitting two severed cases to continue to dispositive motion decisions and in adopting the decisions of the erroneously severed cases." Objections at 2. In Mahesh Reinholdson v. State of Minnesota, 346 F.3d 847 (8th Cir. 2002), the Eighth Circuit discussed at some length Plaintiffs' attempt to appeal from this Court's Order of September 9, 2002 without "properly invoking any of the recognized exceptions to the final judgment rule." Id. at 849. Plaintiffs have chosen to focus on a single sentence of the Reinholdson opinion where the appellate court referred to an "ambiguity" in the district court's severance decision. Though the Eighth Circuit construed the district court order as appropriately requiring Plaintiffs' surviving individual claims to be tried separately and first, it found that to the extent the judgment reflects a complete Rule 21 severing of individual plaintiffs' exhausted claims against school district defendant the order must be "modified." Id. at 851.

Plaintiffs, using this language, now apparently claim that all claims whenever asserted by any of these nine (and maybe more) Plaintiffs must be handled by the undersigned District Court Judge. Specifically, Plaintiffs assert that two cases which have been briefed, argued and submitted to other judicial officers in this district, must now be reassigned. One case, McKinney v. Independent School District No. 11, Civil No. 02-4269 ADM/JSM (D. Minn. filed Nov. 7, 2002), is under advisement by

Magistrate Judge Mayeron. Her Report and Recommendation will be submitted to the undersigned. The case has been re-designated to reflect the change of district judge assignment.

The second case at issue is <u>School Board of Independent School District No. 11 v. Renollett</u>, Civil No. 02-3698 JNE/JGL (D. Minn. filed Sept. 25, 2002), which is under advisement to District Judge Joan Ericksen. The <u>Renollett</u> case involves the School District's appeal from a hearing decision that is not a part of the present action. The Eighth Circuit Order does not require any change in this status. Judicial economy, efficiency and cost to the parties all dictate the dispositive motions should be adjudicated before Judge Ericksen.

Plaintiffs next object to Judge Boylan's decision to adopt all prior rulings from the previously severed cases. The Order contains an important exception for instances where "a different ruling is shown to be mandated by the laws and rules governing this court or justified by particular circumstances brought to the Court's attention." <u>See</u> Order at 2. The Eighth Circuit's clarification of a procedural ambiguity does not require an unwinding of substantive decisions previously made in the cases. Additionally, the language of the Order sufficiently protects Plaintiffs from any change in circumstances that prejudices their cases.

Finally, Plaintiffs object to Judge Boylan's determination that discovery has closed. Again, Plaintiffs attempt to use the appellate modification of the Rule 21 severance as lever to pry open previous decisions which are the law of the case. Discovery is closed absent further order of the Court.

**ORDER**

The Pretrial Scheduling Order of Magistrate Judge Boylan dated January 9, 2004 [Docket No. 84] is AFFIRMED in its entirety.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 17, 2004.