**SETTLEMENT AGREEMENT AND RELEASE/WAIVER**

THIS AGREEMENT AND RELEASE/WAIVER is between INDEPENDENT SCHOOL DISTRICT NO. 11, Anoka-Hennepin Public Schools, the main offices of which are located in Coon Rapids, Minnesota (hereinafter "the School District" or "the District") and Dawn and Greg Erdman (hereinafter "the Parents") on behalf of themselves and their minor son, Zeth Erdman (hereinafter "the Student").

WHEREAS, the Student is a 15 year old student (dob 5/1/89) who resides with his Parents within the boundaries of the School District;

WHEREAS, the Parents are the sole legal guardians and sole educational decision makers of the Student;

WHEREAS, Zeth Erdman is a Student with a disability as defined under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. who has received special education and related services from the School District;

WHEREAS, the Parents have disagreed with the appropriateness and implementation of educational services provided to the Student by the School District pursuant to state and federal special education laws;

WHEREAS, the dispute over the provision of educational services resulted in a due process hearing request being filed on April 13, 2001 by the Parents and Student;

WHEREAS, the Minnesota Department of Children, Families and Learning selected Roberta Kreb as an Independent Hearing Officer and Ms. Kreb conducted an evidentiary due process hearing on six non-consecutive days between June 15, 2001 and July 19, 2001.

WHEREAS, the hearing officer issued her decision on August 20, 2001. The hearing officer found in favor of the School District on all issues and determined that the School District provided Student with a free appropriate public education;

WHEREAS, the Parents appealed the decision of the Level I hearing officer on September 14, 2001 and the Minnesota Department of Children, Families and Learning appointed Patricia Marty-Villaume as the Hearing Review Officer;

WHEREAS, on October 14, 2001, the Level II hearing review officer issued her opinion, affirming the Level I hearing officer's decision and finding in favor of the School District on all issues;

WHEREAS, on April 15, 2002, the Parents filed an attempted class action lawsuit in the Federal District Court of Minnesota, in an effort to, in part, appeal the October 14, 2001 decision of the Level II HRO and to obtain systemic relief;

WHEREAS, in a decision dated September 9, 2002, the Federal District Court of Minnesota denied the Plaintiffs' efforts to establish a class action and dismissed Parent's

§ 1983 and § 504 claims and any claims not previously raised in the administrative process;

WHEREAS, on April 15, 2003, the decision of the Federal District Court was appealed to the Eighth Circuit Court of Appeals, which issued its decision on October 23, 2003;

WHEREAS, the individual claims of the Plaintiffs in Civil Action No. 02-795 ADM/AJB were remanded and eventually consolidated in the Federal District Court of Minnesota;

WHEREAS, on February 5, 2004, the Federal District Court of Minnesota ordered the parties to engage in mediation;

WHEREAS, on May 5-7, 2004 the parties engaged in mediation before Marilynne Roberts, a certified neutral mediator in the State of Minnesota;

WHEREAS, the School District and its representatives believed that they have at all relevant times to this matter proposed an appropriate educational program for the Student that has satisfied the substantative and procedural requirements of state and federal special education laws;

WHEREAS, the School District in the interest of resolving the pending litigation, and preserving District resources has agreed to a full and final settlement of any and all pending or potential claims based on the terms outlined below:

BOTH PARTIES AGREE TO THE FOLLOWING:

1. **Reimbursement for Educational and Advocacy Expenses.** The District will reimburse and/or compensate the Parents for educational and advocacy costs incurred or to be incurred in the amount of $ The District will issue payment to the Parents within 30 days after execution of this Settlement Agreement, the School Board's and Court's approval of the Agreement and the passage of the rescission period outlined in paragraph 3 of this Agreement.

2. **Posting of Notification Provision on District Web-Site.** By January 1, 2005, The School District will post the following language on its web-site and it will maintain the following language on the web-site so long as the language continues to be consistent with the language and obligations of the IDEA:

> Parents of children who are experiencing learning difficulties or behavior issues at school because of disabilities are advised that the District has a process known as "Child Find" to identify, locate and evaluate students who, because of their disability, need or are believed to be in need of special education and related services.
>
> Please contact: the Anoka Special Education Office at 2740 Wingfield Avenue North, Anoka, Minnesota 55303, phone (763) 506-1350 if you would like to

discuss your child's potential need for an evaluation and eligibility for special education or related services.

Learning problems may occur for a variety of reasons and under some circumstances may be as a result of a disability recognized under state and federal special education law, including physical disabilities, autism, developmental cognitive delays, other health impairments, health problems, vision problems, speech or language impairments, traumatic brain injury and specific learning disabilities.

Federal law identifies and defines the following disabilities:

A "specific learning disability" is defined as a disorder in one or more of the basic psychological processes involved in understanding or in using language spoken or written, that may manifest itself in an imperfect ability to listen, think, speak, read, write, spell or to do mathematical calculations, including conditions such as perceptual disabilities, brain injury, minimal brain dysfunction, dyslexia, and developmental aphasia.

* * *

Eligibility for special education is determined based upon federal and state law. For more information about state and federal special education requirements and standards you may consult the Total Special Education Service Standards (TSES) Manual found on the Minnesota Department of Education web site at http://education.state.mn.us.

The Anoka School District has trained and licensed teachers available who can assist eligible children who possess a variety of disabilities.

3. **Release/Waiver of All Claims.** By their signature on this document, the Parents, on the behalf of the Student and themselves, fully release and discharge the District, any of its current or former board members, superintendents, employees, agents, insurers, representatives, and other affiliated entities from all civil and criminal liability and for any and all claims for damages (monetary or otherwise) or claims of any kind arising out of any actions, decisions, or events occurring through the date of the execution of this Agreement whether those claims have been asserted or not.

The Parents hereby waive of all claims whether asserted or unasserted including claims arising under the IDEA (20 U.S.C. § 1400, *et seq*.) and its underlying regulations, Minn. Stat. § 125A.01 *et seq*. and its underlying regulations; the Americans with Disabilities Act, and its underlying regulations; Section 504 of the Rehabilitation Act and its underlying regulations; 42 U.S.C. § 1983; the Minnesota Human Rights Act (Minn. Stat. § 363A.01 *et seq*.), Minnesota Government Data Practices Act (Minn. Stat. Chpt. 13), any and all state and federal Constitutional claims, any claims for attorney's fees (including "shared attorney's fees") and all other claims of any nature arising through the date of this Agreement.

The Parents' and student's waiver of claims is not intended to be construed as a waiver of claims of other plaintiffs in federal civil File No. 02-795 ADM/AJB.

4. **Rights of Rescission under Minnesota Rights Act**. The Student and the Parents hereby expressly acknowledge that the School District has informed them in writing herein of their right pursuant to Minn. Stat. 363.031 (1990), to rescind this release in writing within fifteen (15) calendar days of its execution as to Minnesota Human Rights Act complaints or administrative hearings. The School District has informed the Parents that for the rescission to be effective, it must be delivered to the School District either personally or by United States Mail within the fifteen-day period. If delivered by mail, the rescission must be:

(a) postmarked within the fifteen-day period;
(b) properly addressed to the School District; and
(c) sent by certified mail return receipt requested.

The Parents agree that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

The Student and the Parents agree that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

5. **Non-Publicity Clause**. Both parties mutually agree that they will undertake no affirmative efforts to contact media or otherwise publicize the terms of any Settlement Agreement reached. The Parents agree that if they or the Student communicate the terms of the settlement to other individuals or families who are parties to the Civil File No. 02-795, that they will not share monetary figures in their disclosure. Furthermore, in the event that the School District is contacted to publicly comment about the terms or rationale for entering into settlement, the Parents agree to waive and release their and the Student's Data Privacy Rights with respect to the District's ability to comment on the terms or rationale for reaching settlement in this case.

6. **No Admission**. This Agreement is a compromise of disputed claims. It is not an admission by the District that it has acted wrongfully. The District denies any liability to the Parents or Student on the part of itself, its Board members, Superintendents, employees, representative, and agents.

7. **Acknowledgement**. The Parents acknowledge that they and the Student were represented by counsel in the execution of this Agreement and Release.

8. **Board Approval**. The terms of this Agreement are subject to and conditioned upon the approval of the School Board of Independent School District No. 11.

9. **Court Approval**. The terms of this Agreement are conditioned upon the approval of the Court.

By: ________________
______________, Parent

Subscribed and affirmed to before me this 26th day of Oct, 2004.

______________________
Notary Public

MARY E. GALE
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 20__

By: ________________
______________, Parent

Subscribed and affirmed to before me this ____ day of ___, 2004.

______________________
Notary Public

INDEPENDENT SCHOOL DISTRICT NO. 11

By: ________________
Superintendent

Subscribed and sworn to before me this 26 day of October, 2004.

______________________
Notary Public

PAMELA J. GANTZ
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

1157546-1

By:________________________________
____________, Parent

Subscribed and affirmed to before
me this ____ day of _____, 2004.

______________________________
Notary Public

By:________________________________
___________, Parent

Subscribed and affirmed to before
me this ____ day of ___, 2004.

______________________________
Notary Public

INDEPENDENT SCHOOL DISTRICT
NO. 11

By:________________________________
Superintendent

Subscribed and sworn to before me
this ___ day of _____________ 2004.

________________________________
Notary Public