UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reinholdson, et al.,

Plaintiffs,

v.

Minnesota, State of, et al.,

Defendants

Court File No. 02-795 ADM/AJB

**PETITION FOR APPROVAL OF SETTLEMENT ON BEHALF OF MINOR PLAINTIFF ELIJAH SAMUELSON**

This petition is offered on behalf of minor plaintiff Elijah Samuelson and his parent and legal guardian Kelley Sunderlin following procedures described in Local Rule 17.1 of the Federal Rules of Civil Procedure for the District of Minnesota which requires that Minnesota law be followed for approval of settlements brought by a guardian or trustee. By its terms, LR 17.1 applies to federal diversity actions. However, its procedures can be applied by analogy to settlements arising in cases with federal question jurisdiction.

Minnesota Statute Sec. 540.08 provides in part that "no settlement or compromise of the action [suit brought by parent or guardian for injury to a child] is valid unless it is approved by a judge of the court in which the action is pending."

Rule 145 of the General Rules of Practice for the District Courts of the State of Minnesota provides the procedures to be followed for actions on behalf of minors and incompetent persons. Rule 145.01 provides in part: "No part of the proceeds of any action or claim for personal injuries on behalf of any minor or incompetent person shall be paid to any person except under written petition to the court and written order of the court as hereinafter provided." Rule 145.02 specifies the contents of the petition to be submitted to the court:

1. Elijah Samuelson, born on December 24, 1994, is the minor plaintiff whose proposed settlement is being proffered to the court for approval. The Settlement Agreement and Release/Waiver is attached to the Affidavit of Mary L. Josefson as Exhibit A.
2. Elijah's claim involved a dispute between Elijah's parent, Kelley Sunderlin, and Independent School District No. 11, Anoka-Hennepin, Minnesota over the type and extent of special education services Quinton needed. Additionally, Elijah's parent has paid and may in the future pay for private educational expenses and consequently seeks reimbursement for those expenses.
3. The record contains extensive information on Elijah's individual needs for special education services under the Individuals with Disabilites Education Act and his progress.
4. The parent does not have collateral sources covering Elijah's claims, and no subrogation rights have been asserted.
5. The proposed settlement is not a structured settlement.
6. Kelley Sunderlin engaged experienced counsel to represent Quinton and themselves in this matter. Counsel Sonja D. Kerr negotiated the settlement on their behalf and recommends it as reasonable given all the relevant facts.

The petitioners, Kelley Sunderlin and Elijah Samuelson, by and through their counsel Sonja D. Kerr, Judith Gran, and Mary L. Josefson, hereby request that the court approve the proposed settlement in this matter.

Dated: November 4, 2004

____________________________

Mary L. Josefson (Atty. Reg. N. 52772)
1821 Rhode Island Ave. N.,
Golden Valley, MN 55427

Phone & FAX: 763-544-5390
Email: mary.josefson@prodigy.net
Attorney for Plaintiffs

Sonja D. Kerr
Disability Law Center of Alaska
3330 Arctic Blvd. Ste 103
Anchorage, AK 99503
907 565-1002
FAX: 907 565-1000
Email: AmeliaA928@aol.com
Attorney for Plaintiffs

Judith Gran, Esq.
Public Interest Law Center of Philadelphia
125 S. 9th St. Ste 700,
Philadelphia, PA 19107
215 627-7100
FAX: 215 627-3183
Email: jgran@pilcop.org
Attorney for Plaintinffs