# SETTLEMENT AGREEMENT AND RELEASE/WAIVER

THIS AGREEMENT AND RELEASE/WAIVER is between INDEPENDENT SCHOOL DISTRICT NO. 11, Anoka-Hennepin Public Schools, the main offices of which are located in Coon Rapids, Minnesota (hereinafter "the School District" or "the District") and Kelly Sunderlin (hereinafter "the Parent") on behalf of herself and her minor son Elijah Samuelson (hereinafter "the Student").

WHEREAS, the Student is a nine year old student born on 12/24/94 who resides with his Parent within the boundaries of the School District;

WHEREAS, the Parent is the sole legal guardian and sole educational decision maker of the Student;

WHEREAS, Elijah Samuelson is a Student with a disability as defined under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. who has received special education and related services from the School District ;

WHEREAS, the Parent has disagreed with the appropriateness and implementation of educational services provided to the Student by the School District pursuant to state and federal special education laws;

WHEREAS, the dispute over the provision of education services provided to the Student by the School District resulted in a due process hearing request being filed in (December 2000) by Parent (MDCFL Case No. 408).

WHEREAS, the request for hearing was dismissed by the Level I hearing officer, with prejudice, on January 31, 2001 by reason of a settlement having been reached by the parties.

WHEREAS, the dispute over the provision of education services resulted in a due process hearing request being filed in May, 2001 by Parent (MDCFL Case No. 435);

WHEREAS, the hearing officer issued her decision on September 5, 2001. The hearing officer found in favor of the School District on all issues but awarded student compensatory education;

WHEREAS, the Parent appealed the decision of the Level I hearing officer on September 24, 2001 and the School District cross-appealed the decision on September 25, 2001;

WHEREAS, on October 24, 2001, the Level II hearing review officer issued his opinion, finding in favor of the School District on all issues;

WHEREAS, the dispute over the provision of education services resulted in a due process hearing request being filed in January 2002 by School District (MDCFL Case No. 465);

WHEREAS, the hearing officer issued his decision on March 12, 2002, ordering the District's proposed IEP to be implemented;

WHEREAS, the Parent appealed the decision of the Level I hearing officer on March 13, 2002;

WHEREAS, on April 11, 2002, the Level II hearing review officer issued her opinion, affirming the Level I hearing officer's decision and finding in favor of the School District;

WHEREAS, on April 15, 2002, the Parent filed an attempted class action lawsuit in the Federal District Court of Minnesota (Civil Action No. 02-795 ADM/AJB) in an effort to, in part, appeal the September 5, 2001 and October 24, 2001 decisions of the Level II HROs and to obtain systemic relief;

WHEREAS, in a decision dated September 9, 2002, the Federal District Court of Minnesota denied the Plaintiffs' efforts to establish a class action and dismissed Parent's § 1983 and § 504 claims and any claims not previously raised in the administrative process;

WHEREAS, on April 15, 2003, the decision of the Federal District Court was appealed to the Eighth Circuit Court of Appeals, which issued its decision on October 23, 2003;

WHEREAS, the individual claims of the Plaintiffs in Civil Action No. 02-795 ADM/AJB were remanded and eventually consolidated in the Federal District Court of Minnesota;

WHEREAS, on February 5, 2004, the Federal District Court of Minnesota ordered the parties to engage in mediation;

WHEREAS, on May 5-7, 2004 the parties engaged in mediation before Marilynne Roberts, a certified neutral mediator in the State of Minnesota;

WHEREAS, the School District and its representatives believe that they have at all relevant times to this matter proposed an appropriate educational program for the Student that has satisfied the substantative and procedural requirements of state and federal special education laws;

WHEREAS, the School District in the interest of resolving the pending litigation, and preserving District resources has agreed to a full and final settlement of any and all pending or potential claims based on the terms outlined below:

BOTH PARTIES AGREE TO THE FOLLOWING:

1. **Reimbursement for Educational and Advocacy Expenses.**

a. The District will reimburse and/or compensate the Parent for educational and advocacy costs incurred or to be incurred in the amount of $9,100. The District will issue payment to the Parent within thirty (30) days of execution of this Settlement Agreement and Release/Waiver and approval of the settlement by the U.S. District Court.

b. District will, at a time of Parent's choosing and upon her written notification, fund a comprehensive Independent Educational Evaluation for Student subject to two conditions:

1) Parties must agree upon the evaluator who will conduct the IEE and

2) Each party will provide the evaluator with all educational data and information it believes will be relevant to the examination.

c. District will, in the event that Parent open-enrolls Student in the schools of another district in the seven county metropolitan area, reimburse Parent for the mileage costs of transporting Student to attend regularly scheduled school sessions. Reimbursement will be at the District's standard reimbursement rate in effect at the time of transportation. Transportation costs will not be reimbursed if Student is not open-enrolled in another district and will cease upon his re-enrollment in District's schools. The Parties acknowledge that District has not agreed to transport Student to any school in which Student is open-enrolled.

2. **Release/Waiver of All Claims.** By her signature on this document, the Parent on the behalf of the Student and herself, fully releases and discharges the District, any of its current or former board members, superintendents, employees, agents, insurers, representatives, and other affiliated entities from all civil and criminal liability and for any and all claims for damages (monetary or otherwise) or claims of any kind arising out of any actions, decisions, or events occurring through the date of the execution of this Agreement whether those claims have been asserted or not.

The Parent's waiver of all claims whether asserted or unasserted includes claims arising under the IDEA (20 U.S.C. § 1400, *et seq.*) and its underlying regulations, Minn. Stat. § 125A.01 *et seq.* and its underlying regulations; the

Americans with Disabilities Act, and its underlying regulations; Section 504 of the Rehabilitation Act and its underlying regulations; 42 U.S.C. § 1983; the Minnesota Human Rights Act (Minn. Stat. § 363A.01 *et seq.*), Minnesota Government Data Practices Act (Minn. Stat. Chpt. 13), any and all state and federal Constitutional claims, any claims for attorney's fees (including "shared attorney's fees") and all other claims of any nature arising through the date of this Agreement.

The Parent's and Student's waiver of claims is not intended to be construed as a waiver of claims of other plaintiffs in federal Civil File No. 02-795 ADM/AJB.

3. **Rights of Rescission under Minnesota Rights Act**. The Student and the Parent hereby expressly acknowledge that the School District has informed him/her/them in writing herein of his/her/their right pursuant to Minn. Stat. 363.031 (1990), to rescind this release in writing within fifteen (15) calendar days of its execution as to Minnesota Human Rights Act complaints or administrative hearings. The School District has informed the Parent that for the rescission to be effective, it must be delivered to the School District either personally or by United States Mail within the fifteen-day period. If delivered by mail, the rescission must be:

(a) postmarked within the fifteen-day period;
(b) properly addressed to the School District; and
(c) sent by certified mail return receipt requested.

The Parent agrees that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

The Student and the Parent agree that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

4. **Non-Publicity Clause**. Both parties mutually agree that they will undertake no affirmative efforts to contact media or otherwise publicize the terms of any Settlement Agreement reached. The Parent agrees that if she or the Student communicates the terms of the settlement to other individuals or families which are parties to the federal litigation, Civil File No. 02-795 ADM/AJB, that she will not share monetary figures in the disclosure. Furthermore, in the event that the School District is contacted to publicly comment about the terms or rationale for entering into settlement, the Parent agrees to waive and release her and the Student's Data Privacy Rights with respect to the District's ability to comment on the terms or rationale for reaching settlement in this case.

5. **No Admission**. This Agreement is a compromise of disputed claims. It is not an admission by the District that it has acted wrongfully. The District denies any liability to the Parent or Student on the part of itself, its Board members, Superintendents, employees, representative, and agents.

6. **Acknowledgement**. The Parent acknowledges that she was represented by counsel in the execution of this Agreement and Release.

7. **Board Approval**. The terms of this Agreement are subject to and conditioned upon the approval of the School Board of Independent School District No. 11.

8. **Representation by Counsel**. Parent acknowledges that she and Student were represented by counsel in respect to the negotiation and settlement of this matter.

By: [signature]
_______________, Parent

Subscribed and affirmed to before me this
27th day of October 2004.

[signature]
Notary Public

JOHN E. IVERSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2009

INDEPENDENT SCHOOL DISTRICT
NO. 11

LAURIE K RASMUSSON
Notary Public
Minnesota
My Comm. Expires Jan 31, 2009

By: [signature]
Superintendent

Subscribed and affirmed to before me this
1st day of November, 2004.

Laurie K Rasmusson
Notary Public

RRM:65397