# SETTLEMENT AGREEMENT AND RELEASE/WAIVER

THIS AGREEMENT AND RELEASE/WAIVER is between INDEPENDENT SCHOOL DISTRICT NO. 11, Anoka-Hennepin Public Schools, the main offices of which are located in Coon Rapids, Minnesota (hereinafter "the School District" or "the District") and Kristi Sandford and Mike Sandford (hereinafter "the Parents") on behalf of themselves and their adult son and conservatee, Aaron Teske (hereinafter "the Student").

WHEREAS, the Student is a twenty one year old student born on 10/7/82 who resides with his Parents within the boundaries of the School District;

WHEREAS, the Parents are the sole legal guardians and sole educational decision makers of the Student;

WHEREAS, Aaron Teske is a Student with a disability as defined under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. who has received special education and related services from the School District ;

WHEREAS, the Parents have disagreed with the appropriateness and implementation of educational services provided to the Student by the School District pursuant to state and federal special education laws;

WHEREAS, the dispute over the provision of educational services resulted in a due process hearing request being filed on May 26, 2000 by Parents (MDCFL Case No. 383);

WHEREAS, the hearing officer issued his decision on September 20, 2000. The hearing officer finding, in part, in favor of the Student on the majority of the issues;

WHEREAS, the Parents appealed certain aspects of the decision of the Level I hearing officer on November 27, 2000;

WHEREAS, on January 10, 2001, the Level II hearing review officer issued his opinion increasing the award of compensatory education but affirming the Level I hearing officer's decision in all other respects;

WHEREAS, the dispute over the provision of special education services provided to the Student by the School District resulted in a due process hearing request being filed in January, 2002 by Parents (MDCFL Case No. 463);

WHEREAS, pursuant to the District's motion, the Hearing Officer entered judgment against the District regarding the provision of compensatory education in the area of speech services on February 25, 2003;

WHEREAS, Parents appealed the decision of the Level I hearing officer;

WHEREAS, on April 28, 2002, the Level II hearing review officer issued her opinion, offering the decision of the hearing officer in all respects;

WHEREAS, Parents have filed two complaints with the Minnesota Department of Children, Families and Learning (Complaint Nos. 976 and 1337) asserting denial of Student's right to a free appropriate public education;

WHEREAS, on April 15, 2002, the Parents filed an attempted class action lawsuit in the Federal District Court of Minnesota (Civil Action No. 02-795 ADM/AJB), in an effort to, in part, appeal the January 10, 2001 and April 28, 2002 decisions of the Level II HROs and to obtain systemic relief;

WHEREAS, Parent has asserted that Civil Action 02-795 (ADM/AJB) includes an appeal of the decision of the HRO in MDCFL Case No. 383;

WHEREAS, the Federal District Court of Minnesota denied the Plaintiff's efforts to establish a class action and dismissed Parents' § 1983 and § 504 claims and any claims not previously raised in the administrative process;

WHEREAS, Parent has subsequently filed a separate civil action (Civil File No. 02-4280 MJD/JGL) asserting an appeal from MDCFL Case No. 463, which case is now, pursuant to Court Order, deemed filed and docketed in Civil File No. 02-795 (ADM/AJB);

WHEREAS, on April 15, 2003, the decision of the Federal District Court was appealed to the Eighth Circuit Court of Appeals, which issued its decision on October 23, 2003;

WHEREAS, the individual claims of the Plaintiffs in Civil Action No. 02-795 ADM/AJB) were remanded and eventually consolidated in the Federal District Court of Minnesota;

WHEREAS, on February 5, 2004, the Federal District Court of Minnesota ordered the parties to engage in mediation;

WHEREAS, on May 5-7, 2004 the parties engaged in mediation before Marilyn Roberts, a certified neutral mediator in the State of Minnesota;

WHEREAS, the School District and its representatives believed that they have at all relevant times to this matter proposed an appropriate educational program for the Student that has satisfied the substantive and procedural requirements of state and federal special education laws;

WHEREAS, the School District in the interest of resolving the pending litigation, and preserving District resources has agreed to a full and final settlement of any and all pending or potential claims based on the terms outlined below:

BOTH PARTIES AGREE TO THE FOLLOWING:

1. **<u>Reimbursement for Educational and Advocacy Expenses.</u>**

a. The District will reimburse and/or compensate the Parents for educational and advocacy costs incurred or to be incurred in the amount of $ . The District will issue payment to a trust fund established by the Parents, pursuant to Mrs. Sandford's authority as Aaron's conservator, within thirty (30) days of the execution of this Settlement Agreement and Release/Waiver, the creation of the trust account and approval of the settlement by the U.S. District Court. The District will not be responsible for any of the costs incurred in creating the trust account or any delays associated with its creation. Parents shall schedule, conduct and be responsible for all costs associated with obtaining the approval of the Court for this settlement

b. Student may participate in the next graduation program conducted at Champlin Senior High School and will be given timely notice by the School District of its time and location.

2. **<u>Return of Dynavox</u>.** Parents will promptly following their signing of this document, return to the District the Dynavox synthetic speech device loaned to Student. District will back-up to a Macintosh disk, IBM formatted disk or an expansion card, all data then contained in the Dynavox so that Parents can import that data into a new synthetic speech device they will obtain from another source.

3. **<u>Release/Waiver of All Claims</u>.** By their signature on this document, the Parents, on the behalf of the Student and themselves, fully release and discharge the District, any of its current or former board members, superintendents, employees, agents, insurers, representatives, and other affiliated entities from all civil and criminal liability and for any and all claims for damages

(monetary or otherwise) or claims of any kind arising out of any actions, decisions, or events occurring through the date of the execution of this Agreement whether those claims have been asserted or not.

The Parents' waiver of all claims whether asserted or unasserted including claims arising under the IDEA (20 U.S.C. § 1400, *et seq.*) and its underlying regulations, Minn. Stat. § 125A.01 *et seq.* and its underlying regulations; the Americans with Disabilities Act, and its underlying regulations; Section 504 of the Rehabilitation Act and its underlying regulations; 42 U.S.C. § 1983; the Minnesota Human Rights Act (Minn. Stat. § 363A.01 *et seq.*), Minnesota Government Data Practices Act (Minn. Stat. Ch. 13), any and all state and federal Constitutional claims, any claims for attorney's fees (including "shared attorney's fees") and all other claims of any nature arising through the date of this Agreement.

The Parents' and Student's waiver of claims is not intended to be construed as a waiver of claims of other plaintiffs in federal civil File No. 02-795 ADM/AJB.

4. **Rights of Rescission under Minnesota Rights Act**. The Student and the Parents hereby expressly acknowledge that the School District has informed them in writing herein of their rights pursuant to Minn. Stat. 363.031 (1990), to rescind this release in writing within fifteen (15) calendar days of its execution as to Minnesota Human Rights Act complaints or administrative hearings. The School District has informed the Parents that for the rescission to be effective, it must be delivered to the School District either personally or by United States Mail within the fifteen-day period. If delivered by mail, the rescission must be:

(a) postmarked within the fifteen-day period;
(b) properly addressed to the School District; and
(c) sent by certified mail return receipt requested.

The Parents agree that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

The Student and the Parents agree that if they exercise any right of rescission, the District may at its option either nullify the Agreement in its entirety or keep it in effect as to all claims not rescinded in accordance with the rescission provisions of this Agreement.

5. **Non-Publicity Clause**. Both parties mutually agree that they will undertake no affirmative efforts to contact media or otherwise publicize the terms of any Settlement Agreement reached. The Parents agree that if they or the Student communicate the terms of the settlement to other individuals or families which are parties to the federal litigation, Civil File No. 02-795 ADM/AJB, that they will not share monetary figures in their disclosure. Furthermore, in the event that the School District is contacted to publicly comment about the terms or rationale for entering into settlement, the Parents agree to waive and release their and the Student's Data Privacy Rights with respect to the District's ability to comment on the terms or rationale for reaching settlement in this case.

6. **No Admission**. This Agreement is a compromise of disputed claims. It is not an admission by the District that it has acted wrongfully. The District denies any liability to the Parents or Student on the part of itself, its Board members, Superintendents, employees, representative, and agents.

7. **Acknowledgement**. The Parents acknowledge that they were represented by counsel in the execution of this Agreement and Release.

8. **Board Approval**. The terms of this Agreement are subject to and conditioned upon the approval of the School Board of Independent School District No. 11.

9. **Representation by Counsel**. Parents acknowledges that they and Student were represented by counsel in regard to the negotiation and settlement of this matter.

By: ______________________

______________________, Parent

Subscribed and affirmed to before me this
5 day of October 2004.

Naomi R. Grow

Notary Public

NAOMI R. GROW
Notary Public
Minnesota
My Commission Expires Jan. 31, 2008

By: ______________________________

______________________, Parent

Subscribed and affirmed to before me this 5 day of October 2004.

NAOMI R. GROW
Notary Public
Minnesota
My Commission Expires Jan. 31, 2008

Naomi R. Grow
Notary Public

INDEPENDENT SCHOOL DISTRICT NO. 11

LAURIE K R...
Notary ...
Jan 31, 2009

By: ______________________________
Superintendent

Subscribed and affirmed to before me this 1st day of November 2004.

______________________________
Notary Public

RRM:65396