# AARON W. TESKE IRREVOCABLE SPECIAL NEEDS TRUST

This **AARON W. TESKE IRREVOCABLE SPECIAL NEEDS TRUST AGREEMENT** (the "Trust Agreement") is made on _____________, 2004, by **KRISTI ANNE SANDFORD** of Anoka County, Minnesota, the Settlor (the "Settlor") and **KRISTI ANNE SANDFORD** of Anoka County, Minnesota, the Trustee (the "Trustee").

## ARTICLE ONE
## Trust Nature and Purpose

**1.** Aaron W. Teske, the Beneficiary, (the "Beneficiary") is the son of the Settlor, Kristi Anne Sandford. The Beneficiary is diagnosed with Down's Syndrome, Hirsch-prug's disease and suffers from multiple medical complications. The Beneficiary has or will be receiving settlement funds as a result of a lawsuit against District 11 for failure to provide education. These settlement funds place the Beneficiary's eligibility for necessary public programs at risk.

**1.1** It is the express purpose of this trust to provide for the continuing conservation and enhancement of the Beneficiary's settlement funds while allowing him to remain eligible for necessary public programs.

**1.2** This Trust is designed to supplement, rather than supplant, all financial and service benefits which the Beneficiary might become eligible to receive as a result of his disability from any local, county, state or federal agency, or through any public or private profit or non-profit corporations, entities or agencies including without limitation the State of Minnesota Department of Human Services, United States Health Care Financing Administration, the United States Social Security Administration or their successor agencies.

**1.3** This Trust Agreement is being established under the authority of 42 U.S.C. § 1396p (d) (4), Minn. Stat. § 501B.89, subd. 3, and in accordance with 42 U.S.C. § 1382b (c).

**1.3.1** It is acknowledged that this Trust will at all times be funded only with assets and income of the Beneficiary as required by Paragraph 2.2 of the Agreement.

**1.3.2** It is acknowledged that at the time of the execution of this Agreement, the Beneficiary is under the age of 65, his date of birth being October 7, 1982.

**1.3.3** It is acknowledged that the Beneficiary suffers from a disability as a result of a condition which existed prior to the date of this instrument. Further, the Beneficiary currently meets the definition of a "disabled person" under Title II or XVI of the Social Security Act. The Beneficiary's Social Security number is _____________.

**1.3.4** It is acknowledged that the Settlor of this Trust is the mother of the Beneficiary.

**1.3.5** It is acknowledged that this Trust will be administered for the sole benefit of the Beneficiary as required by Paragraph 3.3 of this agreement.

**1.3.6** It is acknowledged that the State of Minnesota will receive amounts remaining in the Trust upon the death of the Beneficiary excluding approved reasonable and necessary administrative expenses and fees, up to an amount equal to the total medical assistance paid on behalf of the Beneficiary, under a State Medicaid Plan as governed by Paragraph 3.9 of this Agreement.

**1.4** This Trust Agreement shall be irrevocable. The Beneficiary shall have no right or power, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this Trust, or any of the terms of this Trust Agreement, in whole or in part, or to designate the persons who shall possess or enjoy the Trust Estate.

**1.5** The Trustee of this Trust may amend this Agreement to conform with any legislative changes or regulations that are approved by any governing body or agency relating to 42 U.S.C. § 1396p, Minn. Stat. § 501B.89, 42 U.S.C. § 1382b (c) or related statutes, including state and federal statutes that are consistent with the provisions and purposes of the Omnibus Budget Reconciliation Act of 1993 and amendments of such Act. Nothing in this paragraph shall require the Trustee to seek Court approval for actions taken in good faith.

**ARTICLE TWO**
**Trust Estate**

**2.** The Trust Estate shall consist of the Beneficiary's settlement funds and any other funds that may be received for the benefit of and on behalf of the Beneficiary. Additional resources or income belonging to the Beneficiary may be contributed to the initial Trust Estate any time before the Beneficiary reaches the age of 65. However, at no time may funds received from the Social Security Administration or any other such governmental unit or governmental agency be contributed to the Trust or co-mingled with Trust assets.

**2.1** The Trust Estate shall at no time become available to the Beneficiary or be placed in his possession.

**2.2** The Trust Estate shall at all times include only assets and income which, but for the existence of this Trust, would belong solely to the Beneficiary. The Trust Estate shall not include any assets or income which belongs, in whole or in part, to any person other than the Beneficiary.

**2.3** When the Beneficiary reaches the age of 65, no additions may be contributed to the Trust Estate.

**2.4** The assets of the Trust Estate may from time to time include property other than cash, including, but not limited to, securities, real estate, and other personal property.

**2.5** The Trustee accepts responsibility for the administration and management of this Trust and agrees to administer and manage the Trust Estate according to the terms of this agreement.

**ARTICLE THREE**
**Trust Administration**

**3.** The Trustee shall hold the Trust Estate solely for the benefit of the Beneficiary. The Trust shall be administered upon the following terms and conditions:

**3.1** It is the intent of this Trust Agreement to create an Irrevocable Special Needs Trust for the sole benefit of the Beneficiary within the meaning of 42 United States Code, Section 1396p (d) (4) and Minnesota Statutes, Section 501B.89, subdivision 3 and 42 U.S.C. § 1382b (c). The purpose of the Trust is to provide for the Beneficiary's reasonable expenses and needs when benefits from publicly funded benefit programs are not sufficient to provide adequately for those expenses and needs. It is the intent of this Trust Agreement to prohibit any disbursement that would have the effect of rendering the Beneficiary ineligible for publicly funded benefits.

**3.2** The Trustee shall accumulate the entire net income of the Trust and add the same to

principal.

**3.3** The Trustee may expend such sums from the principal of the Trust to or for the sole benefit of the Beneficiary, but only for purposes which supplement, rather that supplant, benefits from publicly funded programs. The Trustee may pay for special medical care, equipment, dental care, personal supervision, companion services, private room charges, counseling and treatment not covered by publicly funded benefit programs, and legal, accounting and other professional fees. The Trustee may also use the Trust Estate for the purchase, maintenance, repair or modification of a home suitable for a person with the Beneficiary's disability. If any real estate is used for homestead residential purposes for the Beneficiary, he shall have the unqualified right to reside in and occupy such property so long as the Trustee deems such residence to be desirable, practical and safe. The Trustee may also expend Trust funds for transportation or a suitable vehicle, comfort, convenience and reasonable luxuries which may include, but are not necessarily limited to, entertainment, education, vacations and travel, as the Trustee, at the Trustee's sole discretion, deems advisable.

**3.4** It is expressly understood that the Trustee is under no obligation to make any expenditures under paragraph 3.3 of this Article, but if the Trustee expends Trust funds for the benefit of the Beneficiary, the Trustee shall under no circumstances pay or reimburse any sums to any governmental unit or governmental agency, except as provided in paragraph 3.9, for any purpose, including the care, support, maintenance and education of the Beneficiary.

**3.5** All payments from this trust for the benefit of the Beneficiary shall be direct payments to the person or persons who supply goods or services to the Beneficiary at the request of the Trustee. The Trustee shall not make any distributions directly to the Beneficiary or to any person with legal authority to act on his behalf concerning financial matters.

**3.6** In making any expenditure under paragraph 3.3 of this Article, the Trustee is directed to consider the advisability of making such expenditures in light of the amounts available to the Beneficiary from sources other that the Trust and in light of the best interests of the Beneficiary. In connection therewith, the Trustee should periodically review the benefits to which the Beneficiary is entitled from any such governmental unit or governmental agency, including, but not limited to, Social Security Administration benefits, Medicare benefits, Medical Assistance (Medicaid) benefits and Supplemental Security Income (SSI) benefits, and the Trustee may assist the Beneficiary in obtaining the same. The Trustee(s), however, shall not commingle the funds of the Trust with any amounts received from the Social Security Administration or any other such governmental unit or governmental agency or with any asset earnings of the Beneficiary.

**3.7** The Trustee should use available resources to employ agents and counsel to assist in identifying programs that may be of social, financial, developmental, or other benefit to the Beneficiary. The Trustee shall not in any event, however, be liable to the Beneficiary or any other party for acts undertaken by Trustee in good faith. The Trustee shall not be liable for failure to identify or pursue all programs or resources that may be available to the Beneficiary because of his disabilities.

**3.8** The Trustee may not make any distributions for the Beneficiary's food, shelter, clothing, medical care or other basic necessities as provided, or to be provided, by any governmental unit, including the United States of America, State of Minnesota, or all other states, or any political subdivision thereof or any governmental agencies, to the extent that such disbursements would have the effect of rendering the Beneficiary ineligible for publicly funded benefits. The Trustee shall make distributions only to supplement and not to supplant such public assistance available for maintenance, health care or other benefits.

**3.9** Upon the death of the Beneficiary:

**3.9.1** The Trustee shall pay the reasonable and necessary administrative expenses, attorney fees and Trustee fees related to the administration and termination of the trust, provided, however, that such expenses and fees are first approved by the Minnesota Department of Human Services, or first approved by the Court having jurisdiction over this Trust and/or the Beneficiary's estate with notice to the Minnesota Department of Human Services.

**3.9.2** The Trustee shall pay to the Minnesota Department of Human Services, all amounts remaining in the Trust, up to an amount equal to the total of Medical Assistance paid on behalf of the Beneficiary.

**3.9.3** The Trustee shall then use any amounts remaining in the Trust to pay the funeral expenses, last bills, taxes and valid debts of the Beneficiary.

**3.9.4** Following payment of the items in Paragraphs 3.9.1, 3.9.2, and 3.9.3, this Trust Agreement shall terminate and the Trustee(s) shall distribute the entire undistributed income and principal of the Trust Estate to Sister Mary's "Sharing and Caring Hands".

## ARTICLE FOUR
## Fiduciary Selection, Resignation and Appointment

**4.** The Trustee shall be selected and removed as follows:

**4.1** Kristi Anne Sandford, of Blaine, Minnesota, the Beneficiary's mother, shall serve as the Trustee.

**4.2** In the event that Kristi Anne Sandford is unable or unwilling to serve as Trustee, Michael E. Sandford, of Blaine, Minnesota, the Beneficiary's step-father, shall serve as the successor Trustee. If Michael E. Sandford is unable or unwilling to serve as Trustee, Sheryl McGinnis, of Brooklyn Park, Minnesota, the Beneficiary's friend, shall serve as the successor Trustee.

**4.3** Any Trustee may resign at any time by delivering a written resignation to those entitled to appointment as Trustee under paragraph 4.2 of this Agreement. The resignation shall be effective sixty (60) days after the date of delivery of the resignation, or upon the earlier appointment of a successor Trustee. After the resignation becomes effective, the Trustee shall have no further duties, other than to account, and shall not be liable for the acts of any successor Trustee(s).

**4.4** If an individual Trustee who is appointed Trustee under this article resigns, such individual Trustee may appoint a successor individual Trustee.

## ARTICLE FIVE
## Fiduciary Responsibility and Powers

**5.** The Trustee accepts responsibility for and shall have authority over the financial management and investment of the Trust Estate. The Trustee shall have the powers and authority granted under the laws of the State of Minnesota, including the powers granted to Trustees by the Minnesota Trustees Power Act, Minnesota Statutes, Section 501B.79 to 501B.82, and specifically, the powers described in Minnesota Statutes, Section 501B.81, except the power described in subdivision 2 thereof, and all acts amendatory thereto, all of which powers are incorporated herein by reference, except as modified by this Trust Agreement.

**5.1** The Trustee shall also have the following specific powers:

**5.1.1** To retain without liability for so doing any property, real or personal, productive or unproductive, of whatsoever nature and wheresoever situated.

**5.1.2** To employ such agents, attorneys, accountants and appraisers as seem reasonably necessary, to rely upon their legal, tax, or other expert advice, and to pay them reasonable fees for said services from the Trust Estate.

**5.1.3** To pay such expenses, costs, and taxes, if any, deemed by the Trustee to be lawfully chargeable to the Trust Estate, and to exercise all powers granted by law.

**5.1.4** To acquire, borrow, invest, reinvest, sell for cash or on terms, convey, exchange, transfer, mortgage, pledge, rent, lease for any term and otherwise manage any part of the Trust Estate.

**5.1.5** To sign, execute and deliver all accountings, reports, tax returns, or other instruments on behalf of the Trust.

**5.1.6** To make advances, borrow money, commence and compromise claims; maintain insurance against such hazards as the Trustee shall deem appropriate.

**5.1.7** To exercise the judgment and care, under the prevailing circumstances, which persons of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

**5.1.8** To at any time render liquid the Trust Estate, in whole or in part, and hold cash or readily marketable securities of little or no yield for such period as they may deem advisable.

**5.1.9** To accept deeds of real property in satisfaction of bonds and mortgages and to make any payments in connection therewith which they may deem advisable.

**5.1.10** To distribute the principal of the Trust Estate, in cash or in kind, and in accordance with Article Three of this Agreement.

**5.1.11** To determine what is principal or income of the Trust Estate; to determine what receipts or expenditures shall apply to depreciation, waste, obsolescence, income and principal; to determine what expenses should be amortized; to arrange for suitable reserves for taxes or other expenditures which must be paid from time to time, and to include record of such determinations in any accountings required by this Agreement.

**5.1.12** To do any and all things which are incidental or necessary to exercise the powers herein conferred upon the Trustee. The enumeration of specific powers and authorities shall be deemed an extension and not a limitation of such powers.

**5.2** The Trustee may receive reasonable compensations for the Trustee's services.

## ARTICLE SIX
## General Governing Provisions

**6.** In applying the provisions of this document, the following shall govern:

**6.1** Definitions.

**6.1.1** "Beneficiary" means Aaron W. Teske.

**6.1.2** The words "Trustee" or "Trustee(s)" shall mean and include all individual persons and the Corporate Trustee(s), if any, serving in such capacity at any given time.

**6.2** Rules of Construction.

**6.2.1** Captions are for convenience only and are not intended to alter any of the provisions of this document.

**6.2.2** Where appropriate, the masculine includes the feminine, the singular includes the plural, and vice versa.

**6.2.3** The requirement that a person act in "writing" requires a dated written document signed by such person.

**6.3** Protective Provisions.

**6.3.1** Neither principal or income of the Trust nor any Beneficiary's interest in the Trust shall be subject to alienation, assignment, encumbrance, appointment or anticipation by the beneficiary, to garnishment, attachment, execution or bankruptcy proceedings, to claims for alimony, support, maintenance or payment of other obligations by any person against the beneficiary or to any other transfer, voluntary or involuntary, by or from any beneficiary except as provided in paragraph 3.9.

**6.3.2** This Trust, if not sooner terminated pursuant to other provisions, shall terminate twenty-one (21) years after the death of the survivor of the Beneficiary and all his descendants who are living on the date of the execution of this Agreement.

**6.3.3** The Beneficiary, for the purpose of complying with Internal Revenue Code § 104(a)(2) and for no other purpose, shall have the power to reacquire the trust corpus by substituting other property of an equivalent value.

I, Kristi Anne Sandford, Anoka County, Minnesota, the Settlor, have signed this Trust

Agreement on the ______day of ________________, 2004.

______________________________ ______________________________

WITNESS **Kristi Anne Sandford, Settlor**

______________________________

WITNESS

**STATE OF MINNESOTA** } **s.s.**

**COUNTY OF**

The Aaron W. Teske Irrevocable Special Needs Trust was signed and acknowledged before me by Kristi Anne Sandford, Settlor, and ___________________ and __________________, Witnesses,

on the ____day of ________________, 2004.

_______________________________
NOTARY PUBLIC

I, Kristi Anne Sandford, Anoka County, Minnesota, the Trustee, have signed this Trust

Agreement on the ______day of ________________, 2004.

_______________________________ WITNESS

_______________________________ **Kristi Anne Sandford, Trustee**

_______________________________ WITNESS

**STATE OF MINNESOTA**

**COUNTY OF**

} **s.s.**

The Aaron W. Teske Irrevocable Special Needs Trust was signed and acknowledged before me by Kristi Anne Sandford, Trustee, and ___________________ and __________________, Witnesses, on the ____day of ________________, 2004.

_______________________________
NOTARY PUBLIC