**RATWIK, ROSZAK & MALONEY, P.A.**
Attorneys at Law

Paul C. Ratwik
John M. Roszak
Patricia A. Maloney*
Terrence J. Foy*
Stephen G. Andersen**
Scott T. Anderson
Kevin J. Rupp
Jay T. Squires*†
Ann R. Goering
Nancy E. Blumstein*
Joseph J. Langel
Michael J. Waldspurger*
Margaret A. Skelton
Amy E. Mace
Isaac Kaufman
Eric J. Quiring

300 U.S. Trust Building
730 Second Avenue South
Minneapolis, Minnesota 55402

(612) 339-0060
Fax (612) 339-0038
www.ratwiklaw.com

Stacey L. Wilson
Eric L. Hedtke
Kimberley K. Sobieck
Sonya J. Guggemos
Jennifer L. Wolf
Dawit Haile
Nicole L. Tuescher

* Also admitted in Wisconsin
** Civil Trial Specialist Certified by the Minnesota State Bar Association
† Real Property Law Specialist Certified by the Minnesota State Bar Association

November 16, 2004

The Honorable Arthur J. Boylan
United States District Court
District of Minnesota
Warren E. Burger Federal Building
316 North Robert Street, Room 638
St. Paul, MN 55101

RE: *Special Education Class Action*
Our File No. 0011-0157
Civil No. 02-795

Dear Magistrate Judge Boylan:

After further review of your January 9, 2004 scheduling order in the above referenced matter, it appears that you have already addressed and ruled upon most (if not all) of the issues we discussed in our November 12, 2004 prehearing conference.

In that order, which was affirmed in all respects by Judge Ann Montgomery on March 17, 2004, you ruled the following:

1. That all motions that seek to amend the pleadings must be served and filed within 30 days of the last filed dispositive order in files no.cv 02-4265 JMR/JSM (McKinney) or cv 02-3698 JNE/JGL (Renollett). (To clarify, the Renollett decision was issued November 1, 2004, the McKinney decision has not yet been issued);

2. That, absent a showing of good cause, no other motions may be filed before that date;

3. That the Defendant's answer to any motion to amend the complaint must be served and filed 20 days following the service of Plaintiff's motion to amend on Defendants;

4. That discovery has closed and no further discovery would take place in these files absent further order of the court;

5. That any dispositive motions must be filed within 60 days after the District Court' decision on Plaintiff's motion to amend (or, as we understand it, 90 days after the last filed order if a Plaintiff fails to amend),

6. That dispositive motions filed would be considered without oral argument;

7. That dispositive motions must be filed separately as to each plaintiff;

8. That responses to dispositive motions will be due 45 days following the service of the motion on the plaintiff; and

9. That replies would be due 15 days after service of plaintiff's response

In light of the Court's prior order, it is not clear that a new scheduling order is necessary. However, if a modified order is issued, the District asserts that the substance of the prior order should be maintained. This order certainly invalidates Ms. Kerr's argument that dispositive motion deadlines have passed in any of the cases. Further, it sets a very clear motion schedule for the parties.

Very truly yours,

s/Paul C. Ratwik
Paul C. Ratwik
Nancy E. Blumstein

cc: Mr. Paul Cady, Independent School District No. 11 - Anoka-Hennepin
Ms. Sonja D. Kerr
Tim Palmatier, Palmatier Law Office

RRM: 69925