SONJA D. KERR
KERR LAW OFFICE[1]

January 10, 2005

Via Facsimile and U.S. Mail And ECF
The Honorable Ann D. Montgomery
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE: *Teske Settlement*, Civil File No. 02-CV-4280 (MGD/JGL)
*Samuelson Settlement*, as part of Civil File No. 02-CV-795 (ADM/AJB)

Dear Judge Montgomery:

This is in response to the verbal instructions from your clerk, Gertie, who advised Mary Josefson that a letter had been sent to your office about the ISD 11 fulfillment of the above settlements. The propriety of sending a letter to the Court without a motion is in question once again with district counsel. L.R. 7.1.

The Court will recall that you issued orders on November 8, 2004 in both of these matters which stated that the settlement agreement was to be implemented by the parties in accordance with its terms. The ECF docket presently indicates **both of these matters are closed**. See, *Teske*, 02-CV-4280, Doc. Entry 28, 29. See, *Samuelson* as part of Reinholdson, 02-CV-795, Doc. Entry No. 111. Therefore, there appears that nothing else needs to be done except for the ISD 11 to fulfill its responsibility to issue the settlement checks which has not occurred. The *Teske* agreement states that the District will issue payment within thirty (30) days of the approval of the settlement by the U.S. District court. By December 8, 2004, no check had issued. The *Samuelson* agreement states that the District will issue payment within thirty (30) days of approval of the settlement by the U.S. District Court. By December 8, 2004, no check had been received.

On December 8, 2004, I forwarded an email to Ms. Blumstein asking where she intended to send the settlement checks to be sure the checks were timely delivered through Ms. Josefson (to avoid them being sent to Alaska, etc.) On December 10, 2004, Ms. Blumstein responded indicating that she understood the settlement agreement checks were cut and "ready" to be sent to the District Counsel. Thereafter, on December 15, 2004/corrected December 22nd[2] , Ms. Blumstein wrote requesting that we sign additional stipulations for dismissal. There did not and does not appear to be any legal basis for this request. In fact, the docket appears to be closed on both matters at

---

[1] Mailing address is: Kerr Law Office, C/O Disability Law Center of AK, 3330 Arctic Blvd., Suite 103, Anchorage, AK 99503; courtesy only, DLC does not represent these plaintiffs.

[2] The correction was not substantive and related to counsel herein's address.

this time. On January 6, 2005, I forwarded a letter to Mr. Ratwik and Ms. Blumstein requesting that the settlement checks be sent. Ex. A, enclosed. In response, I received the letter of January 6, 2005 sent by Ms. Blumstein to your office, and not even copied to local counsel, Ms. Josefson, who obtained it from your office.

Since the cases as these individual plaintiffs are closed, it appears that absent enforcement actions related to the orders issued on November 8, 2004, the next step would appear to be the issuance of the checks per the settlement agreements as ordered on November 8, 2004.

We do not think that any additional stipulation of dismissal is necessary since the Court ordered the settlements and the Teske individual case and the Samuelson plaintiff, per the settlements, are concluded and closed. However, if the Court is going to require such a dismissal order, we are concerned that the stipulations are written in a manner so broad that they could later be misconstrued as dismissing other claims involved in the 02-795 matter. Page 4 of each of the agreements explicitly indicates this is not to be the case. Therefore, the stipulations, if they are necessary, must be limited solely and exclusively to the settlements as written so that there is later no confusion to suggest that anything outside the settlement agreements for these two individual plaintiffs (i.e. attorneys' fees and costs for the case as a whole) has been dismissed, and to avoid dismissal of other portions of the entire *Reinholdson* matter.

Thank you for your kind attention to this matter.

Very truly yours,

Sonja D. Kerr
KERR LAW OFFICE
c/o Disability Law Center of AK

c: Clients
Mary Josefson
Judy Gran