**RATWIK, ROSZAK & MALONEY, P.A.**
Attorneys at Law

Paul C. Ratwik
John M. Roszak
Patricia A. Maloney*
Terrence J. Foy*
Stephen G. Andersen**
Scott T. Anderson
Kevin J. Rupp
Jay T. Squires*†
Ann R. Goering
Nancy E. Blumstein*
Joseph J. Langel
Michael J. Waldspurger*
Margaret A. Skelton
Amy E. Mace
Isaac Kaufman
Eric J. Quiring

300 U.S. Trust Building
730 Second Avenue South
Minneapolis, Minnesota 55402

(612) 339-0060
Fax (612) 339-0038
www.ratwiklaw.com

Stacey L. Wilson
Eric L. Hedtke
Kimberley K. Sobieck
Sonya J. Guggemos
Jennifer L. Wolf
Dawit Haile
Nicole L. Tuescher

* Also admitted in Wisconsin
** Civil Trial Specialist Certified by the Minnesota State Bar Association
† Real Property Law Specialist Certified by the Minnesota State Bar Association

January 6, 2005

**VIA FACSIMILE AND U.S. MAIL**
The Honorable Ann D. Montgomery
U.S. Courthouse
300 South Fourth Street, Room 13W
Minneapolis, MN 55415

RE: Teske and Samuelson Settlements
Civil File No. 02-CV-795 (ADM/AJB)
Civil File No. 02-CV-795 (ADM/AJB)
Civil File No. 02-CV-4280 (MJD/JGL)
Our File No. 0011-0157

Dear Judge Montgomery:

We are writing in regards to the above referenced settlements approved by order of the Court on November 8, 2004. It is our understanding that in order to conclude the legal actions resolved through these settlements, the parties need to submit signed stipulations of dismissal and a proposed order to the Court. We confirmed this fact with your office, via telephone, on December 22, 2004. While we notified opposing counsel Kerr of this necessity and have provided her stipulations of dismissal to sign and return to this office, she has refused to do so and has insisted that such stipulations are not legally required.

The District has issued settlement checks to the parties, consistent with its commitment under the settlement agreements, and has provided them to our office for distribution. We have informed Ms. Kerr that we are prepared to immediately distribute those payments upon receipt of signed stipulations for dismissal. In fact, we have indicated our willingness to deliver the checks, in person, to her co-counsel in return for the signed stipulations. Despite this declaration, Ms. Kerr continues to refuse our request to sign the stipulations of dismissal, arguing that the submission of such documents to the Court is not legally required.

SCANNED
JAN - 7 2005
U.S. DISTRICT COURT MPLS

As the Court is likely aware, the District is anxious to conclude these matters as soon as possible. However, in order to do so and to ensure the District's ability to obtain formal dismissals of the legal actions underlying the settlements, it believes it necessary to insist upon Parents' counsel's cooperation in this matter.

We are now respectfully requesting the Court's assistance in this matter. If formal submissions of stipulations of dismissal are not required, please inform us and we will no longer pursue this objective. However, if, as we believe, formal stipulations of dismissal need to be filed with the Court in order to obtain dismissals, we would appreciate any assistance the Court could provide in notifying opposing counsel of this requirement.

Very truly yours,

Paul C. Ratwik
Nancy E. Blumstein

cc: Sonja Kerr
Paul Cady

RRM: 71837