**RATWIK, ROSZAK & MALONEY, P.A.**
Attorneys at Law

Paul C. Ratwik
John M. Roszak
Patricia A. Maloney*
Terrence J. Foy*
Stephen G. Andersen**
Scott T. Anderson
Kevin J. Rupp
Jay T. Squires*†
Ann R. Goering
Nancy E. Blumstein*
Sara J. Ruff
Joseph J. Langel
Michael J. Waldspurger*

300 Peavey Building
730 Second Avenue South
Minneapolis, Minnesota 55402

(612) 339-0060
Fax (612) 339-0038
www.ratwiklaw.com

Margaret A. Skelton
Amy E. Mace
Erin K. Munson
Anne C. Becker
Holly Lindquist Thomas

* Also admitted in Wisconsin
** Civil Trial Specialist Certified by the Minnesota State Bar Association
† Real Property Law Specialist Certified by the Minnesota State Bar Association

May 1, 2001

**Via Facsimile & U.S. Mail**
Hearing Officer Kenneth Udoibok
The Strommen Building
2469 University Avenue
St. Paul, MN 55114

**Via Facsimile & U.S. Mail**
Sonja Kerr
Kerr Law Offices
5972 Cahill Avenue S., Suite 110
Inver Grove Heights, MN 55076

**RE: *Victor Grant v. ISD No. 11, Anoka-Hennepin***
**Our File No. 0011-0152; MDCFL Case No. 429**

Dear Hearing Officer Udoibok and Ms. Kerr:

We are writing in response to Ms. Kerr's letter of April 23, 2001, in which she clarifies "an additional objection/issue" for the above-referenced hearing. On behalf of the Parent, Ms. Kerr alleges that the District orally refused the Parent's request for private services on March 20, 2001, but failed to provide the Parent with "prior written notice" pursuant to 34 C.F.R. § 300.503. The District denies that allegation in its entirety.

At the IEP meeting on March 20, 2001, the Parent specifically requested that the District provide the Student two hours per week of one-to-one instruction. The District understood that the Parent was requesting two hours of one-to-one reading instruction provided by District staff. The District further understood that the Parent was requesting that a private agency provide the instruction only if the District was unable to provide that instruction. Audio tapes of the IEP meeting will be introduced at hearing to verify the nature of the Parent's request.

The prior written notice requirement applies only when a school district proposes to initiate or change, or refuses to initiate or change, the identification, evaluation, educational placement, or provision of a free appropriate public education for a child with a disability. *See* 34 C.F.R. § 300.503(a). Contrary to the Parent's assertion, the IEP team did not reach a final

EXHIBIT
4

decision on the Parent's request before the meeting ended on March 20, 2001. Therefore, the prior written notice requirement has not been triggered.

During the meeting on March 20, 2001, the team discussed a range of alternatives and options, including the Parent's proposal, but a final decision was not made. The District explained that the Parent's request for two hours per week of one-to-one instruction was not out of the question, but the team wanted to consider "all the different options." Before the team was able to reach a decision, the Parent explained that the meeting had taken longer than expected and that she needed to leave because the Student was going to be arriving home soon. The District then invited the Parent to a follow-up meeting to discuss the issue further. The District explained:

> "I don't think this is a stalemate by any means. I think there are still options that are being discussed. I don't think the school district has ruled out the parent's proposal. I am just thinking that we perhaps need more time to resolve it. Would the parents be willing to come to another meeting? I know it's lengthy, but it's also very important. Or attend one by teleconference?"

Since the meeting on March 20, 2001, the District has made numerous attempts to schedule a follow-up meeting for the purpose of addressing the Parent's requests and completing the Student's initial IEP. A meeting would have been held in the Parent's absence, but until recently the District was unsure about whether the Parent desired to attend another meeting, and the District wanted to make sure that it did not violate the Parent's rights.

It is possible that the Parent has changed the request that she made on March 20, 2001, and that she is now seeking two hours per week of one-to-one reading services from a *private* agency and is unwilling to have the District provide such services. In that event, the District notes that Minnesota Rule 3525.0800, subpart 2, would apply. This Rule specifically states: "The district shall not purchase special education services for a pupil from a public or private agency when such service is available and can be more appropriately provided as the least restrictive alternative within the district." If the team decides that the Student needs one-to-one instruction, the District asserts that it is clearly capable of providing such instruction and that providing reading instruction through a private agency outside the school would not be the least restrictive environment for the Student. This issue does not arise, however, until the team reaches a decision on whether the Student needs one-to-one instruction.

The IEP team will make a decision on the Parent's request at the next IEP meeting. If the team refuses to propose an IEP that incorporates two hours per week of one-to-one reading

instruction, the District will provide the Parent with written notice to the extent required by law. Additionally, the District will provide such notice if the team refuses to incorporate two hours per week of one-to-one reading instruction by a private agency.

In her letter of April 23, 2001, Ms. Kerr has also requested the District's initial list of witnesses, subject to amendment. We are responding to that request today under separate cover.

Please contact us with any questions or concerns regarding this matter.

Very truly yours,

Michael J Waldspurger

Paul C. Ratwik
Michael J. Waldspurger

cc: Susan Butler (by mail)
Paul Cady (by mail)
Linda Gardner (by mail)

RRM: 19934