STATE OF MINNESOTA
DEPARTMENT OF CHILDREN, FAMILIES AND LEARNING
BEFORE THE INDEPENDENT HEARING OFFICER
MDCFL CASE NUMBER 429

| | | |
|---|---|---|
| In the Matter of: | ) | |
| Victor Grant | ) | **ORDER** |
| vs. | ) | |
| Independent School District No. 0011, Anoka-Hennepin | ) | |

## INTRODUCTION

Victor Grant ("Student") through his attorney Sonja D. Kerr brought a motion to compel the Independent School District No.: 0011 ("District") to disclose curriculum information relating the Student's reading classes. The District, through its attorney Michael Waldspuger, voluntarily disclosed the information sought. Therefore, the Hearing Officer need not address the issue of curriculum in this Order.

The second motion is the District request to limit the hearing to issues within March 30, 2000 and March 30, 2001.

## II DISCUSSION

### A. Statute of Limitations

The District moves the Hearing Officer for an Order limiting the Student's

EXHIBIT H

evidence, at hearing, only to evidence that is relevant to the appropriateness of the individual education programs, provided to the Student for the year preceding the Student's request for a due process hearing, specifically March 30, 2000 and March 30, 2001.

Relying on the Eight Circuit Court of Appeals' decision in Strawn v. Missouri Board of Educ., 210 F.3d 954 (8th Cir. 2000), the District seeks to limit the Student's evidence to the one-year statute of limitation period contemplated by the Minnesota Human Rights Act, Minn. Stat. §363.06 subd. 3. Therefore, the Student's relief pursuant to IDEA would be limited to a one-year period preceding his request for a hearing. The Student does not oppose the District's motion.

First, Strawn is controlling. Second, Minnesota Human Rights Act is the applicable statute for determining the limitations period. Third, IDEA does not have a statute of limitations component. Fourth, "[w]hen a federal law contains no statute of limitations, courts may borrow from the most closely analogous state statute of limitations unless doing so would frustrate the policy embodied in the federal law on which the claim is based." Strawn, 210 F.3d at 957.

Here, the Student does not allege a continuing violation of IDEA by the District. Incidentally, MHRA and other civil right statutes, i.e. 42 USC §20000 (Title VII) recognize the continuing violation theory. See e.g. Sigurdson v. Isanti County, 448 N.W.2d 62 (1989); Delaware State College v. Ricks, 449 U.S. 250,

258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). Given that the Student does not allege a continuing violation, the MHRA continuing violation theory component is inapplicable. Being that Student agrees to the March 30, 2000 and March 30, 2001 limitations period, the Parties may only offer relevant evidence within the one year limitations period.

**ORDER**

Based on the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the District's Motion in Limine is **GRANTED**. The Student's Motion to Compel is Moot.

DATED: 5/21/01

By: [signature]
Kenneth U. Udoibok
**INDEPENDENT HEARING OFFICER**