**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

VICTOR GRANT[1],
by his parent, Kelley Sunderlin

Plaintiff,

v.

STATE OF MINNESOTA, et al

Defendants.

Civil No. 02-795 ADM/AJB

**PLAINTIFFS' REPLY MEMORANDUM MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**[2]

---

## INTRODUCTION

Plaintiffs' filed a motion for judgment on the administrative record and Defendants responded. This is Plaintiffs' Reply Memorandum.

## ARGUMENT

### I. The Parent's Request for Hearing Was Not Heard.

The Individuals with Disabilities Education Act regulations provide that a parent may request a due process hearing about "identification, evaluation, or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a). A school district cannot frustrate a parents' right to have a hearing about the concerns that prompted the

---

1 Counsel is obligated to utilize the title of the case imposed by the Court but notes that no such case actually exists. Plaintiff Grant's claims are included in *Reinholdson v. State of Minnesota*, the civil file number of which is 02-795 (ADM/AJB).

2 Plaintiffs were prevented from conducting any discovery in this case by various orders of the Court.

hearing. *Digre v. ISD No. 623*, Civ. No. 4-87-746 (D. Minn. Dec. 17, 1987), *ISD No. 623 v. Digre*, 893 F. 2d 987, 991 (8th Cir. 1990). Ms. Sunderlin complained on March 30, 2001 that the ISD 11 did not timely identify Plaintiff Victor as a student with special education needs even though Ms. Sunderlin had self-referred him on August 31, 2000. P. Ex. R. She then went on to note that a proposed IEP she had received January 31, 2001 did not meet Plaintiff Victor's needs. P. Ex. R. Defendant ISD 11 claims and concedes that the only IEP that it ever proposed for Plaintiff Victor was one four months after Ms. Sunderlin's request for hearing, an IEP dated May 10, 2001. (Def. Memo, pg. 2). For the IHO to find that the Defendant ISD 11 had complied with the law and not denied Plaintiff Victor a free appropriate public education under these circumstances is completely contrary to the regulations permitting Ms. Sunderlin a hearing. The hearing officers should have at least concluded that the Defendant ISD 11 had denied Plaintiff Victor a free appropriate public education prior to the development of any May 10, 2001 IEP. Defendant ISD 11 could not possibly have provided Plaintiff Victor a FAPE between August 30, 2000 and May 10, 2001 if, as the Defendant ISD 11 contends that May 10th was the first IEP the Defendant ISD 11 proposed. The Defendant ISD 11 would have the Court write into the regulations that where a District has completely failed to provide FAPE, or even an IEP, the District can rewrite the right of the parents to contest the failure to have done so. This, the Court, cannot do. Nothing in the regulation which affords Ms. Sunderlin the right to a hearing about "identification, evaluation, educational placement or FAPE" limits her right to contest lack of identification, evaluation and a "draft IEP." Defendant ISD 11's reliance on *ISD No. 432 v. J.H.*, 8 F. Supp. 2d 1166 (D. Minn. 1998) is misplaced. In that case, the parents agreed to an IEP but nonetheless sought a due process hearing. That is not the situation in this instance.

While the Defendant ISD 11 could continue working on such an IEP, the May 2001 IEP could not be the end all of the hearing officers' inquiries. The hearing officers had a duty to inquire as to whether the Defendant followed procedures to identify Plaintiff Victor in a timely fashion and to provide him an IEP in a timely fashion. The answer to that inquiry is no, even under the facts proposed by Defendant ISD 11. Ms. Sunderlin self-referred Plaintiff Victor on August 30, 2000 and, if as the Defendant claims the only IEP it proposed was May 10, 2001, then NO IEP was in place when the parents requested the hearing. Because an IEP is required to provide FAPE, indeed, a free appropriate public education cannot be provided without one, then the Defendant ISD 11 did not provide Plaintiff Victor with a FAPE prior to May 10, 2001. The hearing officers erred and the Court must reverse.

## CONCLUSION

The Court should reverse the decision of the Hearing Review Officer and award Plaintiff Grant all appropriate relief.

Dated this 1st day of April, 2005.

/s/ Sonja D. Kerr

Sonja D. Kerr, Bar Number 18777x
KERR LAW OFFICE
Disability Law Center of AK
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Tel: 907-565-1002; fax: 565-1000

/s/Mary S. Josefson
Mary Josefson, Bar Number 0052772
1821 Rhode Island Ave. N.
Golden Valley, MN
Tel: 763-544-5390

/s/Judith Gran
Judith Gran, Bar Number 40134
Public Interest Law Ctr. of Phil.
125 S. 9th St., Suite 700
Philadelphia, PA 19107
Tel: (215)-627-7100

Counsel for Plaintiffs Reinholdson
Including Plaintiff Grant and K. Sunderlin